# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| COMPOSITE RESOURCES, INC., | ) | |
| | ) | Civil Case No.: _____ |
| Plaintiff, | ) | 0:17-00273-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| RECON MEDICAL, LLC, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff COMPOSITE RESOURCES, INC. ("Composite" or "Plaintiff") brings this action pursuant to 15 U.S.C. §§ 1114 and 1125, 35 U.S.C. § 1 *et seq.*, and S.C. Code Ann. § 39-5-20 *et seq.*, seeking injunctive relief and damages against Defendant RECON MEDICAL, LLC ("Recon") for trademark infringement and counterfeiting, unfair competition, patent infringement, and unfair and deceptive trade practices, and alleges as follows:

## PARTIES

1.      Plaintiff is a company formed under the laws of the State of South Carolina, having a place of business at 485 Lakeshore Parkway, Rock Hill, South Carolina 29730.

2.      Defendant, on information and belief, is a limited liability company formed under the laws of the State of Nevada, having a place of business at 601 East Charleston Boulevard, Suite 100, Las Vegas, Nevada 89104.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a), and 1367.

4.     This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and S.C. Code Ann. § 36-2-803.

5.     On information and belief, Defendant has regularly and intentionally conducted business in this State and District, and are subject to personal jurisdiction in this State and District by virtue of its contacts here.

6.     On information and belief, Defendant is conducting business by servicing its product market, either directly or indirectly, by, *inter alia*, making, using, offering for sale, selling, and importing infringing products, and otherwise engaging in business activities in this State and District.  Additionally, on information and belief, Defendant is placing infringing products into the stream of commerce with knowledge, or reasonable foreseeability, that a termination point of the stream is this State and District.  Further, on information and belief, Defendant has knowingly sent infringing products to purchasers in this State and District, and continue to do so.

7.     On information and belief, Defendant's products are offered for sale and sold to customers residing in this State and District through online retailers.  Defendant provides an online storefront through Amazon that is available to customers and prospective customers within this State and District.  As a result of Defendant's business activities in this State and District, on information and belief, Defendant has had continuous and systematic contacts with this State and District, including sales to customers residing in this State and District.

8.     Venue is proper in this Court under the provisions of 28 U.S.C. §§ 1391 and 1400(b).  Plaintiff is located in this District, a substantial part of the events giving rise to Plaintiff's claims occurred in this State and District, and Defendant is subject to personal jurisdiction in this State.

## FACTUAL BACKGROUND

9.      Plaintiff is in the business of designing, manufacturing, and selling tourniquets.

10.     Plaintiff's tourniquets are sold under the COMBAT APPLICATION TOURNIQUET mark.  Plaintiff's tourniquets have been deemed to be 100% effective by the U.S. Army Institute of Research, and are the standard issue of the United States Army, Navy, Marines, Air Force, and Coast Guard.

11.     Plaintiff is the owner of U.S. Trademark Registration No. 3,863,064 for the COMBAT APPLICATION TOURNIQUET mark, directed to "medical devices, namely, tourniquets for constricting or compressing the flow of blood."  Plaintiff's COMBAT APPLICATION TOURNIQUET mark was first used in commerce in connection with such goods as early as 2004.  U.S. Trademark Registration No. 3,863,064 issued on October 19, 2010, from an application filed on December 2, 2009, and has been accorded incontestable status pursuant to 15 U.S.C. § 1065.

12.     Plaintiff is the exclusive manufacturer of COMBAT APPLICATION TOURNIQUET tourniquets.

13.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 7,842,067 ("the '067 Patent") entitled "Tourniquet and Method of Use."  The '067 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("PTO") on November 30, 2010.  The '067 Patent and its claimed invention are presumed valid pursuant to 35 U.S.C. § 282.  A true and correct copy of the '067 Patent is attached hereto as Exhibit A.

14.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 7,892,253 ("the '253 Patent") entitled "Tourniquet and Method of

Use." The '253 Patent was duly and lawfully issued by the PTO on February 22, 2011. The '253 Patent and its claimed invention are presumed valid pursuant to 35 U.S.C. § 282. A true and correct copy of the '253 Patent is attached hereto as Exhibit B.

15.     Plaintiff is the owner, by assignment, of all right, title, and interest in and to United States Patent No. 8,888,807 ("the '807 Patent") entitled "Tourniquet and Method of Use." The '807 Patent was duly and lawfully issued by the PTO on November 18, 2014. The '807 Patent and its claimed invention are presumed valid pursuant to 35 U.S.C. § 282. A true and correct copy of the '807 Patent is attached hereto as Exhibit C.

16.     On information and belief, products sold under the '067, '253, and '807 Patents (collectively, the "Patents-at-Issue") by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287.

17.     On information and belief, Defendant is engaged in the business of making, using, offering for sale, selling, and importing through established streams of commerce throughout the United States, including to customers and potential customers in this State and District, medical supplies, including tourniquets (hereinafter, "Defendant's Tourniquets").

18.     Defendant's manufacture, use, offer for sale, sale, and importation of Defendant's Tourniquets infringes one or more claims of the Patents-at-Issue.

19.     Defendant has been distributing, advertising, offering for sale and selling, and presently are offering for sale and selling, Defendant's Tourniquets throughout the United States, including to customers and potential customers in this State and District, through its website, located at www.reconmedical.com, and various online marketplaces including Amazon. A print-out from Defendant's website showing the advertising and offering for sale of Defendant's Tourniquets is attached hereto as Exhibit D.

20.     Defendant has been distributing, advertising, offering for sale and selling, and presently are offering for sale and selling, Defendant's Tourniquets throughout the United States, including to customers and potential customers in this State and District, through online retailers, including Amazon.  A print-out from Amazon.com showing the advertising and offering for sale of Defendant's Tourniquets is attached hereto as <u>Exhibit E</u>.

21.     Defendant uses the COMBAT APPLICATION TOURNIQUET mark in connection with the distribution, advertisement, offer for sale, and sale of Defendant's Tourniquets, as shown in <u>Exhibits D and E</u>.

22.     Defendant includes an insert with Defendant's Tourniquets that uses the COMBAT APPLICATION TOURNIQUET mark.  The insert also provides step-by-step instructions on the use of Defendant's Tourniquets.  On information and belief, upon purchasing Defendant's Tourniquet, customers and/or other individuals follow the instructions to use Defendant's Tourniquets.  On information and belief, Defendant created the insert.  A copy of the insert provided with Defendant's Tourniquets is attached hereto as <u>Exhibit F</u>.

23.     The COMBAT APPLICATION TOURNIQUET designation used by Defendant for Defendant's Tourniquets is identical to the COMBAT APPLICATION TOURNIQUET mark.

24.     Defendant's Tourniquets are identical and/or substantially similar to Plaintiff's tourniquets sold under the COMBAT APPLICATION TOURNIQUET mark, and both Defendant's and Plaintiff's tourniquets are sold to the same class of consumers through the same channels of trade, including Amazon.

25.     Defendant's unauthorized use of the COMBAT APPLICATION TOURNIQUET mark in connection with Defendant's Tourniquets is likely to cause confusion among consumers

as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's tourniquets with or by Plaintiff.

26.    Plaintiff's name, reputation, and goodwill are suffering as a result of Defendant's unauthorized use of the COMBAT APPLICATION TOURNIQUET mark, given that Defendant's customers will associate any issues with Defendant's Tourniquets as emanating from Plaintiff.  This damage to Plaintiff's name, reputation, and goodwill can be exceptional because tourniquets are devices used in medical emergencies, and malfunctions or problems with a tourniquet may result in death or serious bodily injury.

27.    Defendant's actions have been intentional, willful, malicious, and in complete disregard of Plaintiff's trademark and patent rights.

28.    Defendant's activities have caused and will continue to cause damage to Plaintiff by, *inter alia*, harming Plaintiff's sales, distribution, goodwill, and reputation.

29.    Plaintiff is suffering irreparable harm and damage as a result of Defendant's acts in an amount not yet determined.

30.    Defendant's unlawful conduct has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff through injury and loss to Plaintiff's business, reputation, and goodwill.  Plaintiff has no adequate remedy at law to redress these injuries.

## COUNT I
## Infringement of U.S. Patent No. 7,842,067

31.    Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

32.    On information and belief, Defendant has made, used, imported, offered for sale, and sold tourniquets comprising an outer sleeve; an inner strap in slidable engagement with the outer sleeve, wherein prior to contacting the outer sleeve to the body part, at least a portion of the inner strap is anchored to the outer sleeve; a windlass connected to the inner strap, wherein

the windlass is adapted to be rotated such that when the windlass is rotated a portion of the inner strap is twisted, shortening an effective length of the inner strap; and a restraining mechanism connected to the outer sleeve, the restraining mechanism adapted for receiving an end of the outer sleeve; wherein the inner strap forms a continuous loop extending from a first end of the outer sleeve to at least the windlass and back to the first end of the outer sleeve; and wherein a radial compressive force is applied to the body part upon applying a tensile force to the inner strap by rotating the windlass, wherein the radial compressive force restricts the flow of blood in the body part.

33.     Defendant has infringed and continues to infringe the '067 Patent within the meaning of 35 U.S.C. 271 by, without Plaintiff's authority, making, using, offering to sell and/or selling Defendant's Tourniquets within the United States, and/or importing Defendant's Tourniquets into the United States.

34.     Defendant have committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

35.     Plaintiff has been damaged by Defendant's infringing conduct.

36.     Defendant's infringement of the '067 Patent has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff.

37.     Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and 289 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

### COUNT II
### Infringement of U.S. Patent No. 7,892,253

38.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

39.     On information and belief, Defendant has made, used, imported, offered for sale, and sold tourniquets comprising a first elongated member comprising a surface comprising both

hook and loop structures, a first end and a second end, and a pocket; a second elongated member positioned in the pocket, wherein a portion of the second elongated member is connected to the first end of the first elongated member; a buckle connected to the second end of the first elongated member, the buckle comprising a first lateral side and a second lateral side, wherein the first and second lateral sides are spaced apart from and substantially parallel to each other, an intermediate bar located between the first and second lateral sides and substantially parallel to the first and second lateral sides, the intermediate bar including a top surface and a bottom surface with a first sidewall and a second sidewall therebetween, a first end and a second end interconnected to the first and second lateral sides and the intermediate bar, a first port located between the first lateral side and the intermediate bar, a second port located between the second lateral side and the intermediate bar, a first tooth set situated on the first side wall of the intermediate bar and at least partially extending into the first port, and a second tooth set situated on the second side wall of the intermediate bar and at least partially extending into the second port; wherein the top surface of the intermediate bar is elevated with respect to the first and second ends of the buckle, with a first planar transition area between the top surface of the intermediate bar and the first end, and with a second planar transition area between the top surface of the intermediate bar and the second end, wherein the first and second planar transition areas are substantially parallel to the first lateral side; whereby the second end of the first elongated member is looped through the first port of the buckle to connect the first elongated member to the buckle; whereby the first end of the first elongated member is looped around the body part and through the first and second ports of the buckle so as to mount the first elongated member around the body part; a windlass engaging the second elongated member, wherein the windlass is rotated to provide a tensile force in the second elongated member,

wherein a compressive force is applied to the body part restricting the flow of blood in the body part; and at least one hooked catch or a securing strap interconnected to the first elongated member for engaging a portion of the windlass and preventing a return rotation of the windlass after applying the tensile force.

40.     Defendant has infringed and continues to infringe the '253 Patent within the meaning of 35 U.S.C. 271 by, without Plaintiff's authority, making, using, offering to sell and/or selling Defendant's Tourniquets within the United States, and/or importing Defendant's Tourniquets into the United States.

41.     Defendant have committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

42.     Plaintiff has been damaged by Defendant's infringing conduct.

43.     Defendant's infringement of the '253 Patent has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff.

44.     Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and 289 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT III
## Infringement of U.S. Patent No. 8,888,807

45.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

46.     On information and belief, Defendant has made, used, imported, offered for sale, and sold tourniquets that practice the method of making a tourniquet for restricting the flow of blood in a body part, comprising anchoring a first elongated member to a second elongated member, wherein the first elongated member and the second elongated member are both adapted for placing around the body part, wherein the second elongated member comprises a substantially non-elastic material, wherein the second elongated member is adapted for slidably

engaging an upper inner surface and a lower inner surface of the first elongated member when the first elongated member is placed around the body part, and wherein the second elongated member forms a loop running continuously from an end of the first elongated member to the restraining mechanism and back to the end of the first elongated member, such that there are two layers of the second elongated member engaging the tensioning mechanism; interconnecting a bendable base to the first elongated member and the second elongated member; connecting a tensioning mechanism with the second elongated member; attaching a restraining mechanism to the first elongated member at a location beyond an end of the bendable base, wherein the second elongated member resides within the first elongated member at the restraining mechanism.

47.     Defendant has infringed and continues to infringe the '807 Patent within the meaning of 35 U.S.C. 271 by, without Plaintiff's authority, making, using, offering to sell and/or selling Defendant's Tourniquets within the United States, and/or importing Defendant's Tourniquets into the United States.

48.     Defendant have committed the acts of infringement complained of herein without the consent or authorization of Plaintiff and in derogation of 35 U.S.C. § 271.

49.     Plaintiff has been damaged by Defendant's infringing conduct.

50.     Defendant's infringement of the '807 Patent has irreparably harmed Plaintiff, and unless enjoined, will continue to harm Plaintiff.

51.     Plaintiff is entitled to damages from Defendant pursuant to 35 U.S.C. §§ 284 and 289 and injunctive relief from this Court pursuant to 35 U.S.C. § 283.

## COUNT IV
## Trademark Infringement and Counterfeiting – 15 U.S.C. § 1114

52.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

53.     Plaintiff owns valid and enforceable trademark rights in the COMBAT APPLICATION TOURNIQUET mark.

54.     Plaintiff has the exclusive right to use the COMBAT APPLICATION TOURNIQUET mark in commerce in connection with the goods recited in its trademark registration, including, without limitation, tourniquets.

55.     Defendant has, without Plaintiff's consent, used in commerce counterfeits of Plaintiff's COMBAT APPLICATION TOURNIQUET mark in connection with the sale, offering for sale, distribution, and/or advertising of tourniquets, which use is likely to cause confusion, or to cause mistake, or to deceive.

56.     Defendant has knowingly and willfully infringed Plaintiff's rights in its federally-registered COMBAT APPLICATION TOURNIQUET mark by virtue of its distribution and sales of identical and/or substantially similar tourniquets of inferior quality under the same name and in the same channels of trade.

57.     As a result of Defendant's infringement, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

58.     Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

59.     Alternatively, due to the willful and intentional nature of Defendant's use of counterfeit marks, Plaintiff is entitled to recover statutory damages, pursuant to 15 U.S.C. § 1117(c).

60.     Defendant's unauthorized use of the COMBAT APPLICATION TOURNIQUET mark, in violation of 15 U.S.C. § 1114, has caused irreparable injury to Plaintiff's reputation

and goodwill.  Upon information and belief, unless restrained and enjoined, Defendant will continue to infringe Plaintiff's rights in the COMBAT APPLICATION TOURNIQUET mark.

61.     Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

### COUNT V
### Unfair Competition – 15 U.S.C. § 1125(a)

62.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

63.     Defendant's use of the COMBAT APPLICATION TOURNIQUET mark in connection with the sale, offering for sale, distribution, and/or advertising of tourniquets by Defendant, is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's tourniquets by Plaintiff, in violation of 15 U.S.C. § 1125(a)(1)(A).

64.     Defendant has competed unfairly with Plaintiff and realized unjust profits as a result of its unfair competition.

65.     Defendant has knowingly and willfully infringed Plaintiff's rights in the COMBAT APPLICATION TOURNIQUET mark by virtue of Defendant's use in commerce of the COMBAT APPLICATION TOURNIQUET mark in connection with tourniquets.

66.     As a result of Defendant's acts of unfair competition as alleged herein, Plaintiff has suffered damages, including lost sales, lost profits, and lost goodwill.

67.     Plaintiff is entitled to damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1117(a) and (b).

68.     Defendant's acts of unfair competition have caused irreparable injury to Plaintiff's reputation and goodwill.  Upon information and belief, unless restrained and enjoined, Defendant will continue its acts of unfair competition.

69.     Plaintiff's remedy at law is not adequate to redress the harm Defendant has caused and will continue to cause until its conduct is restrained, entitling Plaintiff to injunctive relief pursuant to 15 U.S.C. § 1116 and the equitable authority of this Court.

## COUNT VI
## Unfair Trade Practices – S.C. Code Ann. § 39-5-20 *et seq.*

70.     Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

71.     Defendant's acts alleged herein have been willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous.

72.     Defendant's conduct, which is in or affecting commerce, constitutes unfair methods of competition and/or unfair and deceptive acts or practices, within the meaning of S.C. Code Ann. § 39-5-20 *et seq.* and South Carolina common law.

73.     Plaintiff has been damaged by Defendant's conduct and is entitled to monetary and injunctive relief pursuant to S.C. Code Ann. § 39-5-20 *et seq.* and other applicable law, such as an award of monetary damages, including the amount of the actual losses caused to Plaintiff by Defendant's unfair competition, lost profits, disgorgement of the unfair gains and other unjust enrichment benefiting Defendant, attorney's fees, costs, and treble damages pursuant to S.C. Code Ann. § 39-5-140, together with any and all amounts to be shown at trial.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of a judgment:

(A)     Holding that Defendant has infringed the '067 Patent;

(B)     Holding that Defendant has infringed the '253 Patent;

(C)     Holding that Defendant has infringed the '807 Patent;

(D)     Awarding Plaintiff damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284;

(E)     To the extent applicable, declaring this case as exceptional pursuant to 35 U.S.C. § 285;

(F)     Holding that Defendant has infringed the COMBAT APPLICATION TOURNIQUET mark;

(G)     Permanently enjoining Defendant, its officers, agents, representatives, employees, and those persons acting in concert or participation with Defendant, from using the COMBAT APPLICATION TOURNIQUET mark, or any other mark, word, name, symbol, or slogan which is likely to cause confusion, mistake, or deception with respect Plaintiff's COMBAT APPLICATION TOURNIQUET mark, pursuant to 15 U.S.C. § 1116(a);

(H)     Ordering Defendant to pay all actual damages suffered by Plaintiff as a result of Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

(I)     Ordering Defendant to disgorge all profits attributable to Defendant's infringing activities, pursuant to 15 U.S.C. § 1117(a);

(J)     Granting Plaintiff a monetary award against Defendant to account for Defendant's unlawful conduct;

(K)     Granting Plaintiff treble damages and attorney's fees, due to the willful, reckless, wanton, egregious, unfair, unethical, deceptive, and unscrupulous conduct of Defendant, pursuant to 15 U.S.C. § 1117(a) and S.C. Code Ann. § 39-5-140;

(L)      Granting Plaintiff treble damages and attorney's fees for Defendant's willful and intentional use of a counterfeit COMBAT APPLICATION TOURNIQUET mark, pursuant to 15 U.S.C. § 1117(b);

(M)      In the alternative to awarding actual damages and profits pursuant to 15 U.S.C. § 1117(a), if Plaintiff so elects at any time before final judgment, awarding Plaintiff statutory damages in the amount of $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the Court considers just, for Defendant's intentional use of a counterfeit COMBAT APPLICATION TOURNIQUET mark, pursuant to 15 U.S.C. § 1117(c);

(N)      Ordering that Defendant pay the costs of this action, pursuant to 15 U.S.C. § 1117(a);

(O)      Granting Plaintiff equitable relief in order to stop the harm caused to Plaintiff;

(P)      Awarding Plaintiff treble damages, its attorney's fees, and other costs and expenses to the extent permitted under the patent laws of the United States, the Lanham Act, and S.C. Code Ann. § 39-5-20 *et seq.*;

(Q)      Awarding Plaintiff pre-judgment and post-judgment interest;

(R)      Permanently enjoining Defendant from further acts of infringement; and

(S)      Awarding such other and further relief as this Court deems just and equitable.


Plaintiff hereby demands a trial by jury on all issues so triable.

Date: January 27, 2017

Respectfully submitted,

s/ John T. Floyd
John T. Floyd
Federal ID No. 11223
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
(704) 331-1000
(704) 331-1159 (facsimile)
E-mail: johnfloyd@mvalaw.com

*Attorneys for Composite Resources, Inc.*