IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

|  |  |  |
|---|---|---|
| **COMPOSITE RESOURCES, INC.,** | § § | |
| **Plaintiff,** | § § | **Civil Case No.** |
| | § | **0:17-00273-RBH** |
| **v.** | § § | |
| **RECON MEDICAL, LLC,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § | |
| | § | |

**MEMORANDUM IN SUPPORT OF RECON MEDICAL, LLC'S MOTION TO
TRANSFER ACTION PURSUANT TO 28 U.S.C. § 1406**

Defendant, Recon Medical, LLC ("Recon Medical"), by and through its attorneys, submits

the instant Memorandum in support of its Motion for an order transferring this case to the United

States District Court for the District of Nevada, Las Vegas Division pursuant to 28 U.S.C. § 1406.

## I.  INTRODUCTION

Due to the Supreme Court's recent clarification of the law regarding venue in patent

infringement cases, South Carolina is no longer a proper venue for Composite Resources, Inc.'s

patent infringement claims against recon Medical.[1] Pursuant to 28 U.S.C. § 1406, transfer is

mandated to a court where the case could have been brought.

Prior to May 22, 2017 and under almost thirty years of Federal Circuit precedent, Section

1400(b) of Title 28 of the United States Code—the exclusive provision determining venue in cases

involving patent infringement—had been interpreted to incorporate the definition of residence

---

[1] The claims for patent infringement brought by Composite Resources, Inc. against Recon Medical
are subject to a pending motion to dismiss for failure to state a claim. (*See* Dkt. No. 20.) Nothing
in this Motion should be interpreted as a waiver of Recon Medical's Motion to Dismiss nor should
any statement in this Motion be interpreted to be an admission of liability for patent infringement.

from Section 1391(c)(2). Under that interpretation and incorporation, venue in patent cases had been expanded to include any district where the imposition of personal jurisdiction did not offend due process. On May 22, 2017, this broad interpretation was rejected by the Supreme Court and venue in patent cases is now significantly limited.

In *TC Heartland LLC v. Kraft Foods Group Brands LLC*, the Supreme Court ruled that venue in patent infringement actions is proper only in districts, where either (1) the defendant is resident, which for corporations is the state of incorporation, or (2) the defendant has a regular and established place of business and where the defendant has committed acts of infringement. Under this new and binding precedent, venue is improper for Composite Resources, Inc.'s claims of patent infringement before this Court and this case should be transferred to the District of Nevada, Las Vegas Division.

## II. PROCEDURAL BACKGROUND

On February 24, 2017, Composite Resources, Inc. ("Composite Resources") filed its First Amended Complaint against Recon Medical. This is, in fact, the third complaint that Composite Resources, or its subsidiary, has filed against Recon Medical alleging the same causes of action. In each of the complaints Composite Resources has filed, the first three counts have purported to allege infringement of United States Patent Nos. 7,842,607; 7,892,253 and 8,888,807 (collectively, "the patents-in-suit"), respectively.

This case is in its earliest stages: a motion to dismiss is pending and no discovery has been taken.

## II.      FACTUAL BACKGROUND

Recon Medical is a limited liability company formed under the laws of the State of Nevada. (Declaration of Derek Parsons ("Parsons Decl.") at ¶ 5.) Recon Medical does not have any

subsidiaries or parents. (*Id.*) Recon Medical does not have any regular and established place of business in the State of South Carolina or this District. (*Id.* at ¶ 6.) Further, Recon Medical has no personnel, offices, stores, warehouses, servers, customer service representatives, assets or facilities in South Carolina. (*Id.* at ¶ 7.)

### III.   LEGAL AUTHORITY

There are two areas of law relevant to the instant Motion, the specific statutory provision relating to venue in actions for patent infringement and the statutory provisions relating to the transfer of venue in cases generally. Each will be taken in turn.

### A.   VENUE UNDER 28 U.S.C. § 1400

28 U.S.C. § 1400(b) is the specific, exclusive venue provision for actions involving claims of patent infringement. The section provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Supreme Court has ruled unanimously that, to determine where a corporate defendant resides under § 1400(b), courts should only look "to the State of incorporation." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, No. 16-341, ___ S.Ct. ___, 2017 WL 2216934, at *8 (May 22, 2017).

### B.   TRANSFER UNDER 28 U.S.C. § 1406

28 U.S.C. § 1406 applies when an action has been filed in the wrong district and provides "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought.

## IV.    ARGUMENT

The Supreme Court has unambiguously and unanimously limited venue in patent cases. Although the decision came after Composite Resources filed this action in this District, it is now clear that venue does not lay in this District and the case should be transferred to the District of Nevada, Las Vegas Division.

### A.    VENUE IS NOT PROPER IN SOUTH CAROLINA

As noted above, Section 1400(b) provides two separate bases for venue in actions relating to patent infringement. Neither is met here.

First, venue is appropriate where the defendant is resident. 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district where the defendant resides. . . . "). Pursuant to *TC Heartland*, corporate residence is determined by the "State of incorporation." *TC Heartland*, 2017 WL 2216934, at *8. As noted in Composite Resources's Complaint and in the attached Declaration of Derek Parsons, Recon Medical is formed under the laws of the State of Nevada. (Dkt. No. 9, 1st Am. Compl. at ¶ 2; Parsons Decl. at ¶ 5.)

Second, venue is appropriate where the defendant has a regular and established place of business and where the defendant has committed acts of infringement. 28 U.S.C. § 1400(b) ("Any civil action for patent infringement may be brought in the judicial district . . . where the defendant has committed acts of infringement and has a regular and established place of business."). Recon Medical has no regular and established place of business in South Carolina. (Parsons Decl. at ¶ 6.) Further, because Recon Medical does not have any "personnel, offices, stores, warehouses, servers, customer service representatives, assets or facilities in South Carolina," (*id.* at ¶ 7), there is no reasonable argument that Recon Medical ***even could*** have a regular and established place of

business in this District. Therefore, the second portion of the statute cannot be met and venue cannot lie in South Carolina under this portion of Section 1400(b).

> ### B.   VENUE IS PROPER IN NEVADA AND TRANSFER IS MANDATED

Because venue is not proper in South Carolina, transfer should be made to a district where venue is appropriate.

The language of Section 1406 is mandatory. Where a case is filed in a venue where venue is not appropriate, the Court "shall . . . transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). Here, because Recon Medical is resident of Nevada under *TC Heartland*, the District of Nevada is a venue in which the instant case could have been brought and transfer to that venue is proper. The Court should transfer this case.

> ## IV.   CONCLUSION

Because Recon Medical is formed under the laws of the State of Nevada and has no regular and established place of business in South Carolina, the Court should find that venue is improper in South Carolina under the Supreme Court's decision in *TC Heartland* and transfer this case to the District of Nevada pursuant to 28 U.S.C. § 1406.

Respectfully submitted,

  /s/Leah B. Moody
Leah B. Moody
Federal Bar No.: 7468
LBMatty@comporium.net
**LAW OFFICE OF LEAH B. MOODY, LLC**
235 E. Main Street, Suite 115
Post Office Box 1015 (29731)
Rock Hill, South Carolina 29730
(803) 327-4192 (Telephone)
(803) 329-1344 (Facsimile)

**J. Scott Denko**
*Admitted pro hac vice*
Texas Bar No. 00792457
denko@dcllegal.com
**John M. Bustamante**
*Admitted pro hac vice*
Texas Bar No. 24040618
bustamante@dcllegal.com
**DENKO & BUSTAMANTE LLP**
114 W. 7th St., Suite 1100
Austin, Texas  78701
(512) 906-2074 (Telephone)
(512) 906-2075 (Facsimile)

**ATTORNEYS FOR DEFENDANT RECON
MEDICAL, INC**.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2017, the foregoing **Memorandum in Support of Recon Medical, LLC's Motion to Transfer Action Pursuant to 28 U.S.C. § 1406** was filed with the clerk of this Court via the CM/ECF system, which will notify all counsel of record including:

**William Y. Klett, III**
Fed. Id. No. 5610
**Victoria L. Eslinger**
Fed. Id. No. 1919
NEXSEN PRUET, LLC
P.O. Drawer 2426
Columbia, SC 29202-2426

Attorneys for Plaintiff
Composite Resources, Inc.

　　　　　　　　　　　　　　　　　　　/s/Leah B. Moody　　　　　　
　　　　　　　　　　　　　　　　　**Leah B. Moody**
　　　　　　　　　　　　　　　　　Federal Bar No.: 7468
　　　　　　　　　　　　　　　　　LBMatty@comporium.net
　　　　　　　　　　　　　　　　　**LAW OFFICE OF LEAH B. MOODY, LLC**
　　　　　　　　　　　　　　　　　235 E. Main Street, Suite 115
　　　　　　　　　　　　　　　　　Post Office Box 1015 (29731)
　　　　　　　　　　　　　　　　　Rock Hill, South Carolina 29730
　　　　　　　　　　　　　　　　　(803) 327-4192 (Telephone)
　　　　　　　　　　　　　　　　　(803) 329-1344 (Facsimile)