# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| COMPOSITE RESOURCES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> RECON MEDICAL, LLC, <br><br> Defendant. | 2:17-cv-01755-MMD-VCF <br> **ORDER** <br><br> MOTION FOR LEAVE TO AMEND COMPLAINT [ECF NO. 75] |

Before the Court is Plaintiff Composite Resources' Motion for Leave to Amend Complaint. (ECF No. 75). For the reasons discussed below, the motion is granted.

## BACKGROUND

This case involves allegations that Defendant infringed on several patents held by Plaintiff. (ECF No. 9). As relevant to this motion, Plaintiff brought a claim for patent infringement related to the method of manufacturing tourniquets under 35 U.S.C. § 271. (*Id.* at 9-10). Plaintiff's initial infringement contentions state the patent was infringed under 35 U.S.C. § 271(a)-(c). (ECF No. 91-5 at 4). 35 U.S.C. § 271(a)-(c) apply to acts taken within the United States.

The case has proceeded through some discovery and the parties' exchange of infringement and non-infringement contentions. (ECF No. 79 at 4-6). The deadline to amend pleading was January 30, 2018. (ECF No. 53). On February 16, 2018, Defendant filed a motion for summary judgment. (ECF No. 72). Defendant asserted that the alleged tourniquets were manufactured entirely outside the United States, so there could be no violation of 35 U.S.C. § 271(a)-(c). (*Id.* at 10-12).

1

On March 6, 2018, Plaintiff filed a motion to amend the complaint. (ECF No. 75). Plaintiff seeks to add a statement that, "with respect to Defendant's retail sales of Defendant's Tourniquets, there is no adequate remedy within the meaning of 35 U.S.C. § 271(g) on account of the importation or other use, offer to sell, or sale of Defendant's Tourniquets." (*Id.* at 3). In essence, this would allow Plaintiff to pursue its claim against Defendant under a different provision of 35 U.S.C. § 271 that expands its geographical scope outside of the United States. Plaintiff argues its delay in amending the complaint stems from Defendant's failure to put Plaintiff on notice that the tourniquets were solely manufactured outside of the United States. (*Id.* at 5-8). In response, Defendant argues that Plaintiff was not diligent in meeting its burden to prove Defendant's patent infringement. (ECF No. 79 at 10-15). Defendant specifically relies on four instances where Plaintiff allegedly could have learned that the tourniquets were made outside the United States, as discussed in more detail below. (*Id.* at 11).

**ANALYSIS**

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts analyze "bad faith, undue delay, prejudice to the opposing party, and futility of amendment" in ruling on motions to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition, "[a] request made after the expiration of the specified period will not be granted unless the movant or attorney demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect." LR IA 6-1.

The only Federal Rule of Civil Procedure 15 factor discussed by the parties is undue delay. The parties' arguments regarding undue delay under Federal Rule of Civil Procedure 15 overlap their arguments regarding good cause to amend the scheduling order under Federal Rule of Civil Procedure 16.

The Court will address both Rules with a single analysis of the reasons for the timing of Plaintiff's motion to amend.

It is undisputed that Defendant did not expressly disclose that the tourniquets at issue were manufactured entirely outside the United States in this case until the motion for summary judgment. At this time, the Court does not find it necessary to address whether this assertion should have been made in Defendant's non-infringement contentions. (See ECF No. 75 at 5; ECF No. 79 at 10-11). Nothing in the record indicates that Defendant made any disclosures under Federal Rule of Civil Procedure 26(a) to support its defense that the tourniquets were not manufactured within the United States. (*See* ECF No. 53 at 2, giving a deadline for Rule 26(a) Initial Disclosures). Federal Rule of Civil Procedure 26(a) requires parties to provide the names and descriptions of witnesses and documents with discoverable information that the party "may use to support its claims or defenses." Defendant has not cited any Rule 26(a) disclosure addressing the defense Defendant raised in its motion for summary judgment.

Plaintiff filed its motion to amend less than a month after the motion for summary judgment was filed, which is not an undue delay. However, the Court must determine whether there were alternate sources whereby a diligent plaintiff should have learned that the tourniquets were not manufactured within the United States sometime prior to the motion for summary judgment. Defendant asserts there were four opportunities. (ECF No. 79 at 11).

**I.      Information on Amazon**

Defendant sells the tourniquets online through Amazon. (*Id.* at 6). Amazon has a feature allowing potential customers to ask questions. On May 25, 2016, an individual asked whether the product was made in the United States, and a manager for Defendant responded that it was not. (*Id.*). Plaintiff had access to the Amazon site on or before January 1, 2017, when a screenshot of the webpage was attached to the complaint. (ECF No. 1-5).

3

The Court finds that a single question and answer on an Amazon webpage was not adequate to put Plaintiff on notice of where the tourniquets were manufactured. Though Plaintiff accessed the webpage containing the question and answer, the screenshot only shows the top of the webpage. Accessing the questions and answers on an Amazon page requires an extra click or a scroll down the page. There is no indication from Plaintiff's screenshot that any relevant information would be included in the page's question and answer section. In addition, Plaintiff cited the Amazon webpage in the complaint merely to show that the tourniquets were for sale in the United States, not to provide any information on where the tourniquets were manufactured. (ECF No. 1 at 5).

## II. Non-Infringement Contentions

Defendant provided its initial non-infringement contentions on October 26, 2017. (ECF No. 72-1). In the contentions, Defendant states, "The patented invention of the claims of the '807 Patent is the method of making a tourniquet. Under § 271(a), the only possible basis for infringement of these method claims would be the use of the claimed process to create a tourniquet. [Defendant] does not do this." (ECF No. 79 at 5).

The Court finds this non-infringement contention is too vague to put Plaintiff on notice that the tourniquets were not made in the United States. Defendant states that it does not do "this," but "this" could refer to several different actions. There is no indication that "this" somehow refers to manufacturing within the United States.

## III. Manufacturer Invoice

"On November 6, 2017, and in response to [Plaintiff's] requests for production, [Defendant] produced an invoice that identified one of [Defendant's] manufacturers and made clear that this manufacturer was in China." (ECF No. 79 at 5). By Defendant's own admission, the invoice related to "one of" Defendant's manufacturers. This is not adequate notice that all tourniquets at issue were made outside of the United States.

### IV. Discovery Prior to Amendment Deadline

Finally, Defendant argues that Plaintiff "did not avail itself of many of the tools of discovery available to it prior to the deadline for amending the pleadings. Specifically, [Plaintiff] did not serve on [Defendant] any discovery other than requests for production: [Plaintiff] did not serve any interrogatories or requests for admission." (ECF No. 79 at 14-15).

Plaintiff appears to have been diligent in discovery. Plaintiff obtained 538 pages of documents through discovery as of November 6, 2017. (*Id.* at 12). In addition, at the time that the deadline to amend pleadings passed, Plaintiff still had three months to conduct discovery. (ECF No. 53). There is no requirement that certain types of discovery be completed before the amendment deadline.

The Court finds that, despite reasonable diligence, Plaintiff was not aware that the tourniquets at issue were manufactured entirely outside the United States until Defendant filed its motion for summary judgment. Plaintiff filed the motion to amend in a timely manner. There was no undue delay in this case and there is good cause to allow Plaintiff to amend the complaint outside of the time period specific in the Court's scheduling order.

Accordingly, and for good cause shown,

IT IS HEREBY ORDERED that Plaintiff's Motion for Leave to Amend Complaint (ECF No. 75) is GRANTED. Plaintiff shall have until September 14, 2018 to file its amended complaint.

DATED this 7th day of September, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE