UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COMPOSITE RESOURCES, INC., | Case No. 2:17-cv-01755-MMD-VCF |
| Plaintiff, | |
| v. | ORDER |
| RECON MEDICAL, LLC, | |
| Defendant. | |

The Court is persuaded it clearly erred in finding that "body part" is a limitation or element of the asserted claims, and will grant Plaintiff Composite Resources, Inc.'s ("CRI") motion for reconsideration currently before the Court.[1] (ECF No. 109.) As used in the preambles of the asserted patents, "body part" is not a limitation or element of the asserted claims. This litigation will proceed accordingly.

**I.    BACKGROUND**

Defendant Recon Medical, LLC ("Recon") offers for sale certain tourniquets that CRI alleges infringe its patents, which are entitled "Tourniquet and Method of Use" (U.S. Patent Nos. 7,842,067 ("the '067 patent"), 7,892,253 ("the '253 patent"), and 8,888,807 ("the '807 patent")). (*Id.*) CRI alleges that Recon has infringed: claims 1 through 11 and 15 through 17 of the '067 patent (ECF No. 69 at 5); claims 1 through 5 and 8 through 11 of the '253 patent (*id.* at 10); and claims 1, 3, 4, 6, 8 through 20, and 22 through 30 of the '807 patent (*id.* at 14). The patents cover both a tourniquet and a method for restricting the flow of blood in a body part.

In the claim construction order (ECF No. 103), the Court in relevant part found that "body part" was a claim limitation. (*Id.* at 11.) CRI challenges that finding in its

---

[1] The Court also reviewed Recon's response (ECF No. 120), and CRI's reply (ECF No. 121).

motion for reconsideration, arguing that the Court's findings regarding the construction of "body part" were correct, but the Court clearly erred when it concluded that "body part" is a claim limitation. (ECF No. 109 at 4.) Recon argues in response that the Court's conclusion that "body part" is a claim limitation was correct and should not be disturbed. (ECF No. 120 at 2.)

## II. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court: "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

## III. DISCUSSION

The Court is persuaded by CRI's argument that the Court clearly erred when it concluded that "body part" is a claim limitation. Upon reconsideration, the Court agrees with CRI that its reasoning supports the opposite conclusion—that "body part" is not a claim limitation or an element of the asserted claims and will grant reconsideration.

"[A] claim preamble has the import that the claim as a whole suggests for it." *Bells Commc'ns Research Inc. v. Vitalink Commc'ns Corp.*, 55 F.3d 615, 620 (Fed. Cir. 1995). "If the claim preamble, when read in the context of the entire claim, recites limitations of the claim, or, if the claim preamble is necessary to give life, meaning, and vitality to the claim, then the claim preamble should be construed as if in the balance of the claim." *Pitney Bowes, Inc. v. Hewlett-Packard Co.*, 182 F.3d 1298, 1305 (Fed. Cir. 1999) (internal quotation marks omitted). However, if "the body of the claims fully and intrinsically sets forth the complete invention, including all of its limitations, and the preamble offers no distinct definition of any of the claimed invention's limitations, but

rather merely states, for example, the purpose or intended use of the invention, then the preamble is of no significance to claim construction because it cannot be said to constitute or explain a claim limitation." *Id.* (citing *Rowe v. Dror*, 112 F.3d 473, 478 (Fed. Cir. 1997)).

Here, the preamble does not present any distinct definition of "body part" and is of no import to construction of this term. By way of example, representative claim 7 of the '067 patent states:

> A tourniquet for restricting a flow of blood in a *body part*, the tourniquet comprising:
> …
> (b) a second elongated member, wherein prior to contacting the first elongated member to the *body part*, at least a portion of the second elongated member is anchored to a first end of the first elongated member and at least partially contained within the first elongated member, the second elongated member configured to slidably engage at least a portion of the first elongated member;
> …
> (d) a buckle connected to the first elongated member and the second elongated member, wherein a gap is located between portions of the second elongated member at the buckle when applied to the *body part*
>
> Wherein a radial compressive force is applied to the body part upon applying a tensile force to the second elongated member by rotating the windlass and twisting the portion of the second elongated member, wherein the radial compressive force restricts the flow of blood in the *body part*, and wherein an overlapped portion of the second elongated member between a tip of the first elongated member and the buckle when applied to the *body part* tends to not slip within the first elongated member when the tensile force is applied to the second elongated member.

(ECF No. 1-1 at 16 (emphasis added).) The Court re-affirms its finding that the body of the claims, such as claim 7 of the '067 patent above, "fully and intrinsically" sets forth the entire invention such that the preamble's use of "body part" is of no significance to the term's construction. And the Court now clarifies it agrees with CRI that "body part" is not a claim limitation.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and

3

determines that they do not warrant discussion as they do not affect the outcome of CRI's motion for reconsideration.

It is therefore ordered that CRI's motion for reconsideration (ECF No. 109) is granted. The part of the claim construction order (ECF No. 103) finding the phrase "body part" is a claim limitation is vacated. The Court finds that the phrase "body part" in the preambles of the asserted patents is not a limitation or element of the asserted claims.

DATED THIS 22nd day of October 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE