\_\_\_\_FILED \_\_\_\_RECEIVED
\_\_\_\_ENTERED \_\_\_\_SERVED ON
COUNSEL/PARTIES OF RECORD

NOV - 9 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

| COMPOSITE RESOURCES, INC., | 2:17-cv-01755-MMD-VCF |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | MOTION TO STRIKE [ECF No.119] |
| RECON MEDICAL, LLC, | |
| Defendant. | |

Before the Court is Plaintiff Composite Resource's Motion to Strike Defendant Recon Medical, LLC's Answer to Second Amended Complaint, Affirmative Defenses and Counterclaims. (ECF No. 119). For the reasons stated below, Plaintiff's motion is granted, and Defendant will be given an opportunity to amend its answer.

## BACKGROUND

This case involves allegations that Defendant infringed on several patents held by Plaintiff. (ECF No. 9). On September 7, 2018, the Court granted Plaintiff's motion to amend its complaint. (ECF No. 104). Plaintiff's second amended complaint added a single statement regarding Defendant's retail sales of tourniquets. (ECF No. 106 at 9). In essence, this allows Plaintiff to pursue its claims against Defendant under a provision of 35 U.S.C. § 271 that expands its geographical scope outside of the United States. (ECF No. 104 at 2). Plaintiff made no other changes to the complaint.

On September 14, 2018, Defendant filed its answer to the second amended complaint. (ECF No. 108). The answer contains 739 changes, ranging from cosmetic revisions to substantive additions. (ECF No. 119-1 at 32-83). The changes will be discussed in more detail below, though the Court will not attempt to catalog each alteration.

1

Plaintiff now moves to strike Defendant's answer to the second amended complaint. (ECF No. 119). Plaintiff argues that the changes in the answer, specifically adding factual allegations and an affirmative defense, go beyond the scope of the changes to the second amended complaint. (*Id.* at 4-8). In response, Defendant argues that it complied with its duty under Federal Rule of Civil Procedure 11 in making changes to its answer and striking the answer is not supported under the Federal Rules of Civil Procedure. (ECF No. 123 at 3-10).

## ANALYSIS

Clearly, Defendant had the right to file an answer to Plaintiff's second amended complaint. Fed. R. Civ. P. 15(a)(3). However, district courts in the Ninth Circuit have generally held that "a defendant may file an amended answer without leave of court 'only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.'" *Coppola v. Smith*, No. 1:11-CV-1257-AWI-BAM, 2015 WL 2127965, at *2-3 (E.D. Cal. May 6, 2015) (quoting *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 632 (E.D. Va. 2014)); *see also Sierra Dev. Co. Plaintiff, v. Chartwell Advisory Grp. Defendant. Chartwell Advisory Grp. Counterclaimant*, No. 13-cv-602-BEN-VPC, 2016 WL 6828200, at *2 (D. Nev. Nov. 18, 2016). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Defendant does not dispute that the answer to the second amended complaint has numerous, if not significant, changes from the answer to the first amended complaint. (*See* ECF No. 119-1 at 32-83). Defendant argues that the changes had to be made to address (1) the case moving from the District of South Carolina to the District of Nevada, (2) the resolution of a motion to dismiss that was mentioned in the previous answer, and (3) "facts that were established or clarified during the course of this litigation."

2

(ECF No. 123 at 6). Defendant also asserts that Plaintiff will not be prejudiced by Defendant adding a new "unsurprising" affirmative defense in its answer. (*Id.* at 2, 7, 9).

Notably absent from Defendant's justification for the changes is any reference to the second amended complaint. Defendant treated its answer to the second amended complaint as an entirely new pleading, without any regard for the answer to the first amended complaint. This approach is not supported by the caselaw within the Ninth Circuit. In addition, the issue of asserting a new affirmative defense in an answer to an amended complaint has been specifically addressed by other courts within the Ninth Circuit: "[A]bsent leave of court, a previously unasserted defense may be alleged in an answer to an amended complaint only when the amended complaint changes the theory or scope of the case and the newly asserted defense responds to the changes in the amended complaint." *Learning Internet v. Learn.Com, Inc.*, No. CV 07-227-AC, 2008 WL 2037282, at *7 (D. Or. May 6, 2008) (quoting *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2007 WL 420184 at *2 (N.D.Cal. Feb.6, 2007)).

The Court finds that at least some of the substantive changes made to Defendant's answer do not reflect the breadth of the changes in Plaintiff's second amended complaint. Plaintiff does not take issue with changes involving the District the case is now in or a previously resolved motion to dismiss, nor would the Court strike the answer if those were the only changes. However, Defendant has also made many changes to the underlying factual assertions[1] in the answer and has added an affirmative defense. None of these changes respond to the single statement added in the second amended complaint.

Because of the scope of the changes made to the answer, Defendant was required to seek leave of Court or consent of Plaintiff before amending its answer. *See* Fed. R. Civ. P. 15(a)(2); *Coppola*, 2015

---

[1] Plaintiff argues that these changes were required under Federal Rule of Civil Procedure 11's duty to certify to the Court that every pleading has evidentiary support for its factual contentions. (ECF No. 123 at 4-7). However, the Court notes that Plaintiff did not change any factual assertions in the second amended complaint. In addition, Defendant provides no support for its assertion that the changed facts were "established or clarified during the course of this litigation." (*Id.* at 6).

3

WL 2127965 at *2-3. Defendant did not do so. Courts in this District have stricken pleadings for violating Rule 15. *See Anoruo v. Shinseki*, No. 2:12-CV-01190-JCM, 2013 WL 4546795, at *2 (D. Nev. Aug. 27, 2013), *aff'd in part sub nom. Anoruo v. McDonald*, 670 F. App'x 571 (9th Cir. 2016); *Cooley v. Marshal*, No. 2:09-CV-00559-RLH, 2011 WL 3240453, at *4 (D. Nev. July 28, 2011); *Moulton v. City of Sparks*, No. 3:09-CV-00016-BES-VPC, 2009 WL 2407351, at *1 (D. Nev. July 28, 2009). However, "[u]nless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings." *Kohler v. Islands Restaurants, LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir.1979)).

Therefore, while the Court now orders that the answer to the second amended complaint be stricken, the Court grants Defendant a chance to amend its answer. However, this should not be read as an opportunity for Defendant to amend its answer to include the very changes this Order finds improper. The breadth of the changes in the amended answer must reflect the breadth of the changes in the second amended complaint. Should Defendant seek to make additional changes outside the scope of the changes to the second amended complaint, Defendant may file a motion to amend under Federal Rule of Civil Procedure 15.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Motion to Strike Defendant Recon Medical, LLC's Answer to Second Amended Complaint, Affirmative Defenses and Counterclaims (ECF No. 119) is GRANTED.

///

///

///

///

4

IT IS FURTHER ORDERED that Defendant has until December 10, 2018 to file an amended answer to the second amended complaint. This deadline also applies to any motion to amend answer under Federal Rule of Civil Procedure 15.

DATED this 9th day of November, 2018.

                                                _____
                                                CAM FERENBACH
                                                UNITED STATES MAGISTRATE JUDGE