UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| COMPOSITE RESOURCES INC., | Case No. 2:17-cv-01755-MMD-VCF |
| Plaintiff/Counter Defendant, | ORDER |
| v. | |
| RECON MEDICAL LLC, | |
| Defendant/Counter Claimant. | |

This is a patent, trademark, and unfair competition case about tourniquets used to stop the flow of blood to a body part when that body part is severely injured. Before the Court is Defendant/Counter Claimant Recon Medical LLC's ("Recon") letter ("Letter"), inquiring as to the status of the Court's ruling on Recon's earlier-filed motion for summary judgment on invalidity of two of the patents-in-suit based on an indefiniteness argument ("Indefiniteness MSJ"). (ECF Nos. 156 (Letter), 91 (Indefiniteness MSJ).) To start, the Court expresses its appreciation to Recon for using the LR IA 7-1 procedure and filing the Letter. As further explained below, the circumstances here show the LR IA 7-1 procedure is working as intended. However, as also explained below, the Indefiniteness MSJ was and is denied.

The Court denied the Indefiniteness MSJ as moot when Plaintiff/Counter Defendant Composite Resources Inc. ("CRI") was permitted to file its second amended complaint ("SAC") (ECF No. 106), and marked the Indefiniteness MSJ as resolved in its internal recordkeeping system, but omitted any mention of this decision in the corresponding minute order (ECF No. 105 (denying other pending motions as moot and without prejudice

in light of CRI being permitted to file the SAC)). This was a clerical oversight on the Court's part, which was discovered upon further investigation after Recon submitted the Letter.

The Court thus did not address the Indefiniteness MSJ in subsequent orders. But despite the clerical oversight, the Court made the right decision when it denied the Indefiniteness MSJ as moot. The SAC mooted the earlier-filed Indefiniteness MSJ because the SAC superseded the prior version of CRI's complaint. *See, e.g.*, *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("an amended pleading supersedes the original.").

Further, the Indefiniteness MSJ was premature. Recon filed the Indefiniteness MSJ after the Court held the claim construction hearing (ECF No. 78), but before the Court issued its claim construction order in this case (ECF No. 103). It was premature to file a motion explicitly based on terms in the asserted claims, without any evidence beyond Recon's view of the claims' meaning, before the Court issued its claim construction order.

In addition, the Court reiterates (*see* ECF No. 152 at 13) that it is unpersuaded by Recon's argument at the heart of the Indefiniteness MSJ (ECF No. 91 at 9-14). As the Court stated in its recent order resolving several other motions for summary judgment, the Court finds that the holding from *IPXL Holdings, LLC v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005), does not apply to the claims at issue in this case. (ECF No. 152 at 13.) Said otherwise, "[t]he limitations at issue here . . . focus on the capabilities of the system, whereas the claims in *IPXL Holdings* ("the user uses the input means") . . . focus on specific actions performed by the user." *MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1316 (Fed. Cir. 2017) (reversing in pertinent part the district court's determination that certain claims were invalid as indefinite under *IPXL Holdings* and its progeny). "Even if a claim makes reference to user action, it is indefinite only if it explicitly claims the user's act, and not if it claims only the system's capability to receive and respond to user action." *Acceleration Bay LLC v. Activision Blizzard, Inc.*, Case No. CV 16-453-RGA, 2017 WL 6508715, at *11 (D. Del. Dec. 20, 2017) (quoting *Mastermine*, 874

F.3d at 1316) (internal quotation marks and punctuation removed and altered); *see also id.* at *12 (finding claims not indefinite). The claims at issue in the two patents-in-suit Recon challenged in the Indefiniteness MSJ fall into this valid category, not the category of invalid claims featured in *IXPL Holdings*. In sum, the Court remains substantively unpersuaded by the argument Recon made in the Indefiniteness MSJ.

For the foregoing reasons, the Court will now make clear for the record that Defendant Recon's Indefiniteness MSJ (ECF No. 91) is denied.

DATED THIS 22nd day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3