V.R. Bohman, Esq.
Nevada Bar No. 13075
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
Telephone: 702.784.5200
Facsimile: 702.784.5252
Email: vbohman@swlaw.com

Sid Leach, Esq. *(Admitted Pro Hac Vice)*
SNELL & WILMER L.L.P.
2400 E. Van Buren – One Arizona Center
Phoenix, Arizona 85004
Telephone: 602.382.6000
Facsimile: 602.382.0430
Email: sleach@swlaw.com

William Y. Klett, III, Esq. *(Admitted Pro Hac Vice)*
BURR FORMAN MCNAIR
1221 Main Street, Suite 1800
Columbia, South Carolina 29201
Telephone: 803.753.321
Facsimile: 803.753.3278
Email: wklett@burr.com

*Attorneys for Plaintiff Composite Resources, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COMPOSITE RESOURCES, INC., | Case No. 2:17-cv-01755-MMD-VCF |
| Plaintiff, | |
| vs. | **JOINT PRETRIAL ORDER** |
| RECON MEDICAL, LLC, | |
| Defendant. | |

After pretrial proceedings in this case, IT IS ORDERED:

I.

The parties, Composite Resources, Inc. ("CRI") and Recon Medical, LLC ("Recon), hereby

submit this Pretrial Order, as follows:

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1  This is an action for:

2  **A.    <u>CRI's Statement</u>**

3  CRI owns three (3) patents directed to a medical tourniquet device for use in restricting the

4  flow of blood in a body part to which the tourniquet is applied. CRI manufactures its Combat

5  Application Tourniquet® (CAT) device, which is CRI's commercial embodiment of the invention

6  disclosed in its patents. Defendant Recon Medical, LLC ("Recon") has commissioned a Chinese

7  company to manufacture tourniquet devices that are virtually identical to the invention disclosed in

8  CRI's patents. Recon imports its infringing tourniquets into the United States and sells the devices

9  through Recon's website, as well as through the online Amazon® marketplace. Recon has used

10  CRI's federally registered COMBAT APPLICATION TOURNIQUET® mark, and confuses

11  customers into believing that Recon is selling the exact same tourniquet. Recon is importing and

12  selling knock-offs of CRI's bona fide Combat Application Tourniquet® (CAT) tourniquet device.

13  While Recon claims that it offers multiple versions of its accused tourniquet device (GEN 1 through

14  4), it is the position of CRI that all "versions" are the same for purposes of this action, and all

15  infringe one or more claims of the asserted patents.

16  The Court has already found Recon liable for infringing CRI's trademark and engaging in

17  unfair competition against CRI (<u>ECF No. 152</u>).  Damages for these claims must be determined at

18  trial, as well as a determination whether such conduct was willful.  CRI also seeks a finding of

19  patent infringement of one or more claims of each of the asserted patents.  CRI will pursue a finding

20  that such infringement is willful.  Upon a finding of infringement, CRI will seek damages in the

21  form of lost profits (but no less than a reasonable royalty), together with a request for enhanced

22  damages and fees and costs, as it is CRI's position that this is an exceptional case under 35 U.S.C.

23  §285.  CRI also will seek a finding of liability under the South Carolina Unfair Trade Practices Act,

24  a determination of damages under the Act, and a request for trebling of such damages, together

25  with a recovery of fees and costs.

26  **B.    <u>Recon's Statement</u>**

27  CRI has accused two "versions" of Recon's tourniquets of infringement of the Patents-in-

28  Suit: "Version 1," identified internally by the Recon nomenclature is GEN 1 and GEN 2; and

- 2 -

"Version 2," identified internally by the Recon nomenclature is GEN 3. CRI bears the burden of proving infringement of these two Versions of the Recon tourniquets.

In September of this year,[1] Recon released a new tourniquet product, identified internally by the Recon nomenclature GEN 4. Contrary to CRI's statement above, the GEN 4 product is not an accused product in this litigation. It is not accused in the First Amended Complaint—the operative pleading in this litigation—and it is not accused in CRI's Infringement Contentions.

Recon contends that in early 2004 and while a US Army medic, Mark Esposito[2] (the inventor named on the face of CRI's U.S. Patent No. 7,842,067 (the '067 Patent)) sold tourniquets to the U.S. Army that met the limitations of the claims of the '067 Patent. Recon contends that the earliest effective priority date that may be afforded the '067 Patent is June 6, 2005. The '067 Patent may not, for its priority, rely upon the filing date of the Provisional Application to which it cites because limitations of the claims of the '067 Patent are not disclosed in the Provisional Application as they must be under pre-AIA 35 U.S.C. §112. Therefore, the early 2004 tourniquet sales by Mr. Esposito are invalidating events under Section 102(b) of pre-AIA Title 35.

Recon further contends that the claims of the '067 Patent are invalid under 35 U.S.C. § 102(f) for failure to name the correct inventive entity. The '067 and '807 patents name only Mark Esposito as inventor. Despite contributing to the development of the tourniquet and, by extension, the claims of the '067 Patent, US Army Special Forces Sergeant Ted Westmoreland[3] was left out of the named inventive entity. Recon contends that Mr. Esposito intentionally and artfully concealed Mr. Westmoreland's contribution from the US Patent Office and did so knowingly to avoid sharing with Mr. Westmoreland the substantial financial benefits that accrued to Mr. Esposito from the tourniquet and its associated patents. Failure to name Mr. Westmoreland as a co-inventor is the basis for Recon's allegation of invalidity under pre-AIA 35 U.S.C. 102(f) for improper

---

[1] When Recon released its GEN 4 product, it sent two regular production units of the GEN 4 product to counsel for CRI during the first week of its release on September 13, 2019 and were delivered on September 17, 2019.

[2] Mr. Esposito did not leave the U.S. Military until May 27, 2004.

[3] Mr. Westmoreland has received two (2) Silver Stars (one each in Iraq and Afghanistan, for valorous conduct in combat), five (5) Bronze Stars, the Legion of Merit and numerous other citations and awards for his contributions to the United States and in the wars in the Middle East.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

inventive entity and Mr. Esposito's conduct during the prosecution of the '067 Patent is the basis for Recon's inequitable conduct claim that the '067 patent and United States Patent No. 8,888,807 (the "'807 patent") are unenforceable.

Recon contends that the asserted claims of the '067 Patent and claims 1-5 and 8-11 of the '253 Patent are indefinite and therefore invalid under pre-AIA 35 U.S.C. §112, ¶2 because they recite both apparatus and method steps within the same claim. As to the '807 Patent, Recon contends that the earliest supportable priority date is November 24, 2010 because neither the '067 Patent or the Provisional Application upon which the '807 relies for its earlier claim of priority discloses under pre-AIA 35 U.S.C. § 112 several limitations of the claims of the '807 Patent.

No method of manufacturing a tourniquet is disclosed in the Provisional Application or the '067 Patent. Therefore, the '807 Patent cannot rely on those older documents for priority.

Recon further contends that CRI invalidated the claims of its own United States Patent No. 7,892,253 (the "'253 Patent") when it failed to claim priority back to the application that issued as the '067 Patent. Because the application that led to the '253 Patent was not filed until August 28, 2007, the December 8, 2005 publication of the application that later issued as the earlier '067 Patent is invalidating prior art to the '253 Patent under 35 USC §102 and/or §103.

Recon contends that the '067 patent and the '807 patent are unenforceable because they were obtained through the inequitable conduct of Mark Esposito, named on the face of each of the three CRI patents[4] as the inventor. Recon contends that with artful declarations Mr. Esposito intentionally concealed from the U.S. Patent Office the contributions of Mr. Ted Westmoreland to the claims of the '067 Patent, the first of the CRI Patents-in-Suit. Had the Patent Office known about Mr. Esposito's conduct and the material facts he concealed, the '067 Patent would not have issued. That concealment infected not only the '067 Patent, but the '807 Patent which relies upon the '067 Patent for priority thus making both unenforceable.

As to damages and relief, Recon contends that CRI has failed to and cannot carry its burden in seeking certain damages and injunctive relief. The evidence clearly shows that CRI does not

---

[4] Jonathan Bennett is also named as an inventor on the '253 Patent but that is irrelevant to the dispute before the Court.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    manufacture the COMBAT APPLICATION TOURNIQUET® but that CAT Resources, LLC, a

2    subsidiary does. Further, the COMBAT APPLICATION TOURNIQUET® is not sold into the

3    relevant market by either CRI or Cat Resources, LLC but by North American Rescue, LLC, a third

4    party.    Therefore, even if CRI were to prevail on patent liability, it cannot obtain lost profits

5    damages.  Further, CRI has failed to carry its burden related to damages and equitable relief related

6    to the judgments of unfair competition and trademark infringement.  This is because the tourniquet

7    (as well as its black color) is functional.   Patent law rather than the Lanham Act protects

8    functionality.  It is the burden of the plaintiff to show lack of functionality pursuant to 15 U.S.C.

9    § 1125(a)(3) before injunctive relief can be had under the Lanham Act for unfair competition as to

10   those Recon tourniquets sold after use of the COMBAT APPLICATION TOURNIQUET® mark

11   ceased on February 9, 2017.

12          Consequently, Recon contends that the scope of relief to be afforded CRI as a result of the

13   judgments of trademark infringement and unfair competition must, therefore, be limited.  Recon

14   halted its inadvertent trademark infringement of the mark COMBAT APPLICATION

15   TOURNIQUET® on February 9, 2017.  Because of CRI's failure to show non-functionality, the

16   scope of any relief under any pled Lanham Act unfair competition statute must be limited.

17          As to CRI's claim under the  South Carolina Unfair Trade Practices Act ("SCUTPA"), a

18   state cause of action, Recon contends that CRI has failed—and will fail—to prove an unfair or

19   deceptive act that had an adverse impact on the public interest. Further, Recon contends that CRI

20   has failed—and will fail—to link any particular loss to the actions of Recon. Therefore, liability

21   allegations under that claim must fail.

22          Finally, overarching this case is the issue of public interest.  Recon contends that harm to

23   the public interest cannot be presumed and that no harm to the public interest has been shown.  As

24   an example, CRI has testified that the reliability of Recon tourniquets is in fact, irrelevant and its

25   witness Mr. Esposito has testified that the Recon tourniquets are, in fact, "well made."

26          In support of these contentions and following trial, Recon seeks the following specific relief

27   from the Court:

28

1.    An order finding and declaring and entry of judgment that United States Patent No. 7,842,067 is unenforceable by virtue of the inequitable conduct of Mr. Esposito in knowingly concealing from the US Patent Office information he knew to be material to the patentability of that patent;

2.    An order finding and declaring and entry of judgment that United States Patent No. 8,888,807 is unenforceable by virtue of the inequitable conduct of Mr. Esposito in knowingly concealing from the US Patent Office information he knew to be material to the patentability of US Patent No. 7,842,067 and the consequent reliance of US Patent 8,888,807 for its priority upon an unenforceable patent;

3.    An order finding and declaring and entry of judgment that each of CRI's Patents-in-Suit is invalid pursuant to pre-AIA 35 U.S.C. §102(f) for failure to name the proper inventive entity;

4.    An order finding and declaring that the earliest effective priority date of United States Patent No. 7,842,067 is June 6, 2005;

5.    An order finding and declaring that the earliest effective priority date of United States Patent No. 8,888,807 is either June 6, 2005 or November 24, 2010 ;

6.    An order finding and declaring and entry of judgment that the asserted claims of United States Patent No. 7,842,067 are invalid pursuant to pre-AIA 35 U.S.C. §112, ¶2;

7.    An order finding and declaring and entry of judgment that the asserted claims of United States Patent No. 7,842,067 are invalid pursuant to pre-AIA 35 U.S.C. §102(b);

8.    An order finding and declaring and entry of judgment that the asserted claims of United States Patent No. 7,892,253 are invalid pursuant to pre-AIA 35 U.S.C. §103;

9.    An order finding and declaring and entry of judgment that Claim 12 of United States Patent No. 7,892,253 is invalid pursuant to pre-AIA 35 U.S.C. §102(b);

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

10.     An order finding and declaring and entry of judgment that Claims 1-5 and 8-11 of United States Patent No. 7,892,253 are invalid pursuant to pre-AIA 35 U.S.C. §112, ¶ 2;

11.     An order finding and declaring and entry of judgment that the asserted claims of United States Patent No. 8,888,807 are invalid pursuant to pre-AIA 35 U.S.C. §102(b);

12.     An order finding and declaring and entry of judgment that the asserted claims of United States Patent No. 8,888,807 are invalid pursuant to pre-AIA 35 U.S.C. §103;

13.     Entry of judgment dismissing with prejudice the patent infringement counts I, II, and III of CRI's Complaint alleging patent infringement and order that CRI take nothing as a result of those patent infringement counts and that all prayers for relief related to the patent infringement counts are denied;

14.     An order finding and declaring and entry of judgment in favor of Recon and against CRI that Recon has not infringed any of the asserted claims of the CRI Patents in Suit

15.     An order finding and declaring and entry of judgment in favor of Recon and against CRI that Recon has not indirectly infringed Claim 12 of the '253 Patent;

16.     An order finding and declaring that the trademark infringement found and adjudged by the Court in the Order of July 5, 2019, (ECF 152), was not willful

17.     An order finding and declaring that the Lanham Act unfair competition violation found and adjudged by the Court in its Order of July 5, 2019, (ECF 152), was not willful;

18.     An order finding and declaring and entry of judgment in favor of Recon and against CRI that Recon has not infringed the CRI Tourniquet Trade Dress as to that product's configuration or color

19.     Entry of judgment declaring that CRI is not entitled under any circumstances to seek injunctive relief preventing Recon from making, having made, selling or marketing tourniquets sheerly by virtue of those tourniquets being black in color,

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

20.    Entry of judgment declaring that CRI has not proven that its tourniquets are not functional under the Lanham Act as required by 15 U.S.C. §1125(a)(3) and *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29 (2001) ; and

21.    Entry of judgment dismissing with prejudice Count VI of CRI's Complaint alleging violation of Unfair Trade Practices under S.C. Code Ann. § 39-5-20 et seq. and the common law of South Carolina and ordering that CRI take nothing as a result of that Count VI and that all prayers for relief related to that Count VI are denied.

II.

Statement of jurisdiction:

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) because certain of the causes of action arise under the patent laws of the United States. Jurisdiction is not disputed in this case.

III.

The following facts are admitted by the parties and require no proof:

1.    Plaintiff Composite Resources, Inc. ("CRI") is a corporation organized and existing under the laws of South Carolina with a principal place of business at 485 Lakeshore Parkway, Rock Hill, South Carolina 29730.

2.    Defendant Recon Medical, LLC ("Recon") is a corporation organized and existing under the laws of Nevada with a registered office at 601 East Charleston Boulevard, Suite 100, Las Vegas, Nevada 89104, and a principal place of business at 1210 Market Street, Redding, California.

3.    Plaintiff is the owner, by assignment, of United States Patent No. 7,842,067 ("the '067 Patent") entitled "Tourniquet and Method of Use." The '067 Patent is presumed valid pursuant to 35 U.S.C. § 282.

4.    Plaintiff is the owner, by assignment, of United States Patent No. 7,892,253 ("the '253 Patent") entitled "Tourniquet and Method of Use." The '253 Patent is presumed valid pursuant to 35 U.S.C. § 282.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

5.    Plaintiff is the owner, by assignment, of United States Patent No. 8,888,807 ("the '807 Patent") entitled "Tourniquet and Method of Use." The '807 Patent is presumed valid pursuant to 35 U.S.C. § 282.

6.    The '253, '067 and '807 Patents have been properly assigned to CRI.

7.    Mark Esposito is the inventor named on the face of the '067 and '807 Patents and is a named co-inventor with Jonathan Bennett of the '253 Patent.

8.    Mark Esposito left the United States Army on May 27, 2004.

9.    Recon uses a manufacturer in China to manufacture the Recon Tourniquets, and imports its Recon Tourniquets into the United States.

10.    Recon has sent bona fide CRI tourniquets to its manufacturer in China.

11.    Recon distributes, advertises, offers for sale and sells Recon's Tourniquets throughout the United States through its website, located at www.reconmedical.com, and through the online Amazon® marketplace, commencing in April of 2016.

12.    Products sold under the '067, '253, and '807 Patents (collectively, the "Patents-at-Issue") by Plaintiff have been properly marked pursuant to 35 U.S.C. § 287.

13.    CRI's Combat Application Tourniquet® (or CAT® Tourniquet) is an embodiment of the device claimed in one or more claims of the '067 Patent and GEN6 of the CAT® Tourniquet is an embodiment of the device claimed in one or more claims of the '253 Patent, and its method of manufacture is embodied in one or more claims of the '807 Patent.

14.    The CAT® Tourniquet is manufactured by CRI's wholly-owned subsidiary, C-A-T Resources, LLC.

15.    CRI markets, distributes, offers to sell and/or sells its tourniquet devices under the brand names Combat Application Tourniquet® and CAT®.

16.    North American Rescue is a distributor of the CAT® Tourniquet in the United States.

17.    Defendant has used the COMBAT APPLICATION TOURNIQUET® mark in connection with the distribution, advertisement, offer for sale, and sale of Defendant's Tourniquets.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

18.    Defendant has created and included an insert with Defendant's Tourniquets that uses the COMBAT APPLICATION TOURNIQUET® mark. The insert also provided step-by-step instructions on the use of the Tourniquets with which the insert was provided.

19.    Recon was familiar with the bona fide COMBAT APPLICATION TOURNIQUET® (CAT) device as early as April of 2016, which device is properly marked under 35 U.S.C. § 287.

20.    Recon was on notice of patent issues in the United States at least as early as June 1, 2016.

21.    Recon was put on actual notice of the Patents-at-Issue at least as early as December 13, 2016.

22.    The Recon Tourniquet is intended restrict a flow of blood in a body part.

23.    On January 27, 2017, CRI filed suit against Recon in the instant action, alleging infringement of the '067, '253, and '807 Patents, as well as infringement of CRI's Combat Application Tourniquet® trademark, unfair competition, and violation of the South Carolina Unfair Trade Practices Act.

24.    The Court has found that Recon has infringed CRI's Combat Application Tourniquet® trademark.

25.    The Court has found that Recon has engaged in unlawful unfair competition against CRI.

26.    CRI has accused Recon of infringing Claims 1-11 and 15-17 of the '067 Patent under 35 U.S.C. § 271(a).

27.    CRI has accused Recon of infringing Claims 1-5 and 8-11 of the '253 Patent under 35 U.S.C. § 271(a), and infringing Claim 12 of the '253 Patent under 35 U.S.C. § 271(b).

28.    CRI has accused Recon of infringing Claims 1-4, 6, 8-20, and 22-30 of the '807 Patent under 35 U.S.C. §271(g).

29.    Recon alleges that the '067 Patent was obtained by inequitable conduct by Mark Esposito before the Patent Office and that therefore the '067 and '807 Patents are unenforceable.

30.    Recon alleges that the asserted claims of the '067 Patent and the asserted apparatus claims of the '253 Patent are invalid under pre-AIA 35 USC § 112.

31.    Recon alleges that the '067 Patent is invalid under pre-AIA 35 USC §102(b), §103 and §102(f).

32.    Recon alleges that the '253 Patent is invalid under 35 USC §§102(b), 102(f) and 103.

33.    Recon alleges that the '807 Patent is invalid under 35 USC §§102(b), 102(f) and 103.

34.    Recon alleges that the earliest effective priority date for the '067 Patent is June 6, 2005.

35.    Recon alleges that the earliest effective priority date for the '807 Patent is November 24, 2010 or June 6, 2005.

36.    The construction of the claim terms of the '067, '253, and '807 Patents in suit have been stipulated by the parties or construed by the Court by the following Orders: ECF No's. 103, 124 and 140.

37.    Recon is not pursuing a claim of invalidity under 35 U.S.C. §101.

38.    Recon is pursuing a claim of invalidity of the patents-in-suit under 35 U.S.C. §103.

39.    During the Rule 30(b)(6) deposition of Recon, Mr. Parsons was unable to identify any differences between the commercial embodiment of the patents-in-suit and the Recon tourniquet.

40.    The tourniquet products at issue are relatively simple to understand.

41.    The field of the present tourniquet invention is a predictable art.

42.    The present tourniquet invention met a long felt need.

43.    The present tourniquet invention has saved lives.

IV.

The following facts, though not admitted, will not be contested at trial by evidence to the contrary:

None.

V.

The following are the issues of fact to be tried and determined at trial.[5] [Each issue of fact must be stated separately and in specific terms.]

**A.    CRI's Issues of Fact (to be tried)**

The Court has already found that "It is possible for the jury to determine from inspecting Recon's tourniquets whether they infringe at least representative claim 1 of the '807 patent" and "Given the products' relative simplicity, a reasonable person could determine how the allegedly infringing tourniquets were assembled from a visual inspection." ECF No. 152 at 10. In light of these findings, CRI will try the following issues of fact:

1.    The amount of damages to which CRI is entitled based upon Recon's trademark infringement.

2.    Whether Recon's trademark infringement was willful.

3.    The amount of damages to which CRI is entitled based upon Recon's unfair competition.

4.    The amount of damages to which CRI is entitled based upon Recon's unfair trade practices.

5.    Whether Recon directly infringes any asserted claim of the '067 Patent.

6.    Whether Recon directly infringes any asserted claim of the '253 Patent.

7.    Whether Recon indirectly infringes Claim 12 of the '253 Patent.

8.    Whether Recon indirectly infringes any asserted claim of the '807 Patent.

9.    Whether the method of manufacture of the CAT® Tourniquet is an embodiment of one or more claims of the '807 Patent.

---

[5] Should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of fact to be tried and determined upon trial.

Snell & Wilmer

L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

10. The amount of damages to which CRI is entitled based upon Recon's patent infringement.

11. Whether Recon infringement of the '067, '253 and/or '807 Patents was willful (subjective prong for the jury).

12. Whether the asserted claims of the '067 Patent are invalid as obvious under 35 U.S.C. §103.

13. Whether the asserted claims of the '253 Patent are invalid as obvious under 35 U.S.C. §103.

14. Whether the asserted claims of the '807 Patent are invalid as obvious under 35 U.S.C. §103.

15. Whether the disclosure in U. S. Provisional Application No. 60/521,630 reasonably conveys to a person of ordinary skill in the art that the inventor had possession of the claimed subject matter in the '067 and '807 Patents.

16.  Whether Ted Westmoreland conceived of the patented invention with Esposito, or whether Esposito conceived of the patented invention alone.

17.  Whether the '067 Patent was duly and lawfully issued by the United States Patent and Trademark Office ("PTO") on November 30, 2010.

18.  Whether the '253 Patent was duly and lawfully issued by the PTO on February 22, 2011.

19.  Whether the '807 Patent was duly and lawfully issued by the PTO on November 18, 2014.

20.  Whether Mark Esposito is the sole inventor of the '067 and '807 Patents, and a co-inventor with Jonathan Bennett of the '253 Patent.

21.  Whether Recon has presented any evidence regarding how its tourniquet devices differ from the inventions disclosed in the Patents-in-Suit.

**B.  Recon's Issues of Fact**

1.  Whether Recon, through selling its Version 1 or Version 2 tourniquets, has infringed under 35 U.S.C § 271(a) any of Claims 1 - 6 of the '067 Patent.

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

2.  Whether Recon, through selling its Version 1 or Version 2 tourniquets, has infringed under 35 U.S.C. § 271(a) any of Claims 7 - 11 of the '067 Patent.

3.  Whether Recon, through selling its Version 1 or Version 2 tourniquets, has infringed under 35 U.S.C. § 271(a) any of Claims 15 or 16 of the '067 Patent.

4.  Whether Recon, through selling its Version 1 or Version 2 tourniquets, has infringed under 35 U.S.C. § 271(a) Claim 17 of the '067 Patent.

5.  Whether Recon, through selling its Version 1 tourniquet has infringed under 35 U.S.C. § 271(a) Claim 1 of the '253 Patent.

6.  Whether Recon, through selling its Version 1 tourniquet has infringed under 35 U.S.C. § 271(a) any of Claims 2 - 5 or 8 of the '253 Patent.

7.  Whether Recon, through selling its Version 1 tourniquet has infringed under 35 U.S.C. § 271(a) Claim 9 or 10 or 11 of the '253 Patent.

8.  Whether Recon, through actively encouraging a third party to use Recon's Version 1 tourniquet to infringe Claim 12 of the '253 Patent has infringed under 35 U.S.C. § 271(b) Claim 12 of the '253 Patent.

9.  Whether Recon, through actively encouraging a third party to use Recon's Version2 tourniquet to infringe Claim 12 of the '253 Patent has infringed under 35 U.S.C. § 271(b) Claim 12 of the '253 Patent.

10. Whether the method of Claim 12 of the '253 patent is the only way to use Recon's Version 1 tourniquet to restrict a flow of blood to a body part.

11. Whether the method of Claim 12 of the '253 patent is the only way to use Recon's Version 2 tourniquet to restrict a flow of blood to a body part.

12. Whether Recon, through selling and importing its Version 1 or Version 2 tourniquets has infringed under 35 U.S.C. § 271(g) any of Claims 1, 3, 4, 6, 8 or 9 of the '807 Patent.

13. Whether Recon, through selling and importing its Version 1 or Version 2 tourniquets has infringed under 35 U.S.C. § 271(g) any of Claims 10 - 16 of the '807 Patent.

14. Whether Recon, through selling and importing its Version 1 or Version 2 tourniquets has infringed under 35 U.S.C. § 271(g) Claims 17 – 20 or 22 of the '807 Patent.

15. Whether Recon, through selling and importing its Version 1 or Version 2 tourniquets has infringed under 35 U.S.C. § 271(g) any of Claims 23 - 30 of the '807 Patent.

16. Whether, if Recon has infringed any of the Patents in Suit, was the infringement of Recon willful.

17. For issues or defenses that are factual, whether CRI has proven by clear and convincing evidence that Recon's reliance on that issue or defense was unreasonable.

18. For issues or defenses that are factual and assuming that the jury has found that it was unreasonable, whether CRI has proven by clear and convincing evidence that the objectively defined risk was either known to Recon or so obvious that it should have been known to Recon.

19. For issues or defenses that are matters of law and assuming that the Court has found that it was unreasonable, whether CRI has proven by clear and convincing evidence that the objectively defined risk was either known to Recon or so obvious that it should have been known to Recon.

20. For the SCUTPA claim, whether Recon has engaged in an unfair or deceptive act in the conduct of trade or commerce.

21. For the SCUTPA claim, whether the unfair or deceptive act Recon is alleged to have committed had an adverse impact on the public interest.

22. For the SCUTPA claim, whether CRI has proven an unfair or deceptive act to remedy an adverse public impact or simply an action for redress of a private wrong, such as trademark or unfair competition.

23. For the SCUTPA claim, whether CRI has proven that Recon has engaged in an act or practice that is likely to cause substantial injury to consumers.

24. For the SCUTPA claim, whether CRI has proven actual, ascertainable damage as a result of Recon's alleged unfair or deceptive acts under SCUTPA.

25. For the SCUTPA claim, whether an ascertainable sale of a tourniquet by Recon resulted in an ascertainable loss of a sale to CRI.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

26. For the SCUTPA claim, whether sales of Recon tourniquets have harmed the public interest.

27. If CRI proves infringement, under 35 U.S.C. § 284, what is a reasonable royalty for the use made of the inventions in the Patents-in-Suit by Recon.

28. If CRI proves infringement, what amount of lost profits damages, if any, are available to CRI due to Recon's infringement.

29. Whether the profits of North American Rescue, a third party, inexorably flow to CRI.

30. Whether the profits of CAT Resources, a subsidiary of CRI, inexorably flow to CRI.

31. What damages CRI has proven due to Recon's trademark infringement.

32. Whether CRI has proven that Recon's trademark infringement was willful.

33. What damages CRI has proven due to Recon's unfair competition.

34. The amount of damages, if any, CRI has proven related to its SCUTPA claim.

35. Whether Ted Westmoreland contributed to any of the claims of the '067 Patent.

36. Should the Court allow for an advisory verdict on the inequitable conduct issue, whether the '067 Patent and the '807 Patent are rendered unenforceable by virtue of Mark Esposito's prosecution related conduct.

37. Whether the Provisional Application discloses every limitation of the Claims of the '067 Patent.

38. Whether the application that led to the '067 Patent discloses a method of manufacturing a tourniquet claimed in the '807 Patent.

39. Whether the Provisional Application discloses a method of manufacturing a tourniquet claimed in the '807 Patent.

40. Whether the proper earliest effective priority date for the '807 Patent is November 24, 2010.

41. Whether the proper earliest effective priority date for the '807 Patent is June 6, 2005.

42. Whether the proper earliest effective priority date for the '067 Patent is June 6, 2005.

43. Whether any of the tourniquets sold by Mark Esposito before June 6, 2004 exhibited all the features of at least one claim of the '067 patent.

44. Whether any of the claims of the '067 Patent are invalid under pre-AIA 35 U.S.C. §§102(b), 102(f) or 103.

45. Whether any of the claims of the '067 Patent or the '253 Patent are invalid under pre-AIA 35 U.S.C. §112, ¶2.

46. Whether claim 9 of the '253 Patent is invalid under pre-AIA 35 U.S.C. §102(b).

47. Whether claim 9 of the '253 Patent is invalid under pre-AIA 35 U.S.C. §103.

48. Whether any claim of the '253 Patent is invalid under pre-AIA 35 U.S.C. §102 or §103.

49. Whether any claim of the '807 Patent is invalid under pre-AIA 35 U.S.C. §102.

50. Whether any claim of the '807 Patent is invalid under pre-AIA 35 U.S.C. §103.

51. Whether CRI manufactures the COMBAT APPLICATION TOURNIQUET®.

52. Relating to CRI's claim for damages, whether CRI's tourniquet products include features, which are not functional and were copied by Recon.

53. Relating to CRI's claim for damages, whether tourniquet customers associate the use of black on a tourniquet as indicating that the source of that tourniquet is CRI.

54. Whether the color black has no functional purpose when applied to the Plaintiff's products.

55. Whether, in the minds of the public, the primary significance of the color black as used on the Plaintiff's products is to signify the source of the product rather than the product itself.

56. Whether the accused Recon Tourniquets are identified as (a) "Version 1" for which the internal Recon nomenclature is GEN 1 and GEN 2 and (b) "Version 2" for which the internal Recon nomenclature is GEN 3.

57. Whether the Recon Version 1 tourniquet was sold by Recon from June 1, 2016 to February 1, 2017.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

58.      Whether the Recon Version 2 tourniquet was sold by Recon from February 2, 2017 to the present.

59.      Whether Recon used the COMBAT APPLICATION TOURNIQUET® mark on an insert in the packaging of Recon tourniquets from Nov. 3, 2016 to Feb. 9, 2017 and the phrase "COMBAT APPLICATION" on website advertisements between June 1, 2016 and December 14, 2016.

60.      Whether Recon stopped using the COMBAT APPLICATION TOURNIQUET® mark or any derivative phrase in connection with the distribution, advertisement, offer for sale, and sale of any tourniquet by February 9, 2017.

61.      Whether Recon was familiar with a tourniquet marketed by North American Rescue, LLC ("NAR", the "NAR CAT" tourniquet, NAR is a third party) at least as early as April of 2016 under the name "CAT".

62.      Whether Recon first became aware that the NAR "CAT" tourniquet was related to intellectual property owned by Composite when it received a letter from counsel for Composite on or about December 13, 2016.

63.      Whether Recon investigated tourniquet patents in the United States at least as early as June 1, 2016.

VI.

The following are the issues of law to be tried and determined at trial.[6]

**A.      CRI's Issues of Law (to be tried)**

1.      Whether Recon's infringement of the '067, '253, and/or '807 Patents was willful (objective prong for the Court).

2.      Whether Recon has proven by clear and convincing evidence that Mark Esposito withheld highly material information with deceptive intent from the USPTO during prosecution of the '067 Patent.

---

[6] Should the attorneys or parties be unable to agree on the statement of issues of law, the joint pretrial order should include separate statements of issues of law to be tried and determined upon trial.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

3.     Whether Recon has proven by clear and convincing evidence that Mark Esposito was not the sole inventor and Ted Westmoreland was a co-inventor of the invention AND that Westmoreland was left off of the '067 and '807 Patents with deceptive intent.

5.     Whether CRI should be awarded post-judgment injunctive relief.

6.     Whether, upon a finding for CRI, CRI should be awarded attorney's fees under 35 U.S.C. §285, and the amount of such fees.

7.     Whether, upon a finding for CRI, CRI should be awarded enhanced damages under 35 U.S.C. §284, and the amount of such enhanced damages.

**B.     Recon's Issues of Law**

1.     Whether CRI's Complaint accuses Recon's Gen 4 tourniquet of patent infringement (if Gen 4 is found to be an additional accused product, the following additional fact questions are required: whether Recon by importing, selling or offering for sale the Recon Gen 4 tourniquet infringes under pre-AIA 35 U.S.C. § 271(a) the asserted claims of the '067 Patent and/or Claims 1-5 and 8-11 of the '253 Patent; whether Recon by importing, selling or offering for sale the Recon Gen 4 tourniquet infringes under pre-AIA 35 U.S.C. § 271(b) Claim 12 of the '253 Patent; and whether Recon by importing the Recon Gen 4 tourniquet infringes under pre-AIA 35 U.S.C. § 271(g) the asserted claims of the '807 Patent).

2.     Whether Recon's Gen 4 tourniquet is within the scope of the Court's judgment of unfair competition.

3.     Whether the '067 Patent is unenforceable by virtue of the inequitable conduct of Mark Esposito.

4.     Whether the '807 Patent is unenforceable by virtue of the inequitable conduct of Mark Esposito.

5.     Whether the '067 Patent is invalid under pre-AIA 35 U.S.C. §102(f) by virtue of naming an improper inventive entity.

6.     Whether the '253 Patent is invalid under pre-AIA 35 U.S.C. §102(f) by virtue of naming an improper inventive entity.

7.      Whether the '807 Patent is invalid under pre-AIA 35 U.S.C. §102(f) by virtue of naming an improper inventive entity.

8.      Whether the asserted claims of the '067 patent and claims 1-5 and 8-11 of the '253 Patent are indefinite under pre-AIA 35 U.S.C. §112, ¶2 and as described in the Federal Circuit's decisions in, e.g., IPXL Holdings, L.L.C. v. Amazon.com, Inc., 430 F.3d 1377 (Fed. Cir. 2005).

9.      Whether the earliest effective priority date for the '067 Patent is June 6, 2005.

10.     Whether the earliest effective priority date for the '807 Patent November 24, 2010.

11.     Whether the earliest effective priority date for the '807 Patent June 6, 2005.

12.     Whether any of the asserted claims of the '067 Patent are invalid pursuant to pre-AIA 35 U.S.C. §102(b).

13.     Whether any of the asserted claims of the '067 Patent are invalid pursuant to pre-AIA 35 U.S.C. §103.

14.     Whether any of the asserted claims of the '253 Patent are invalid under pre-AIA 35 U.S.C. §103.

15.     Whether claim 9 of the '253 Patent is invalid under pre-AIA 35 U.S.C. §102(b).

16.     Whether Recon has induced infringement under 35 U.S.C. § 271(b) of Claim 12 of the '253 Patent.

17.     Whether any of the claims of the '807 Patent are invalid under pre-AIA 35 U.S.C. §102(b).

18.     Whether any of the claims of the '807 Patent are invalid under pre-AIA 35 U.S.C. §103.

19.     For issues or defenses that are matters of law, whether CRI has proven by clear and convincing evidence that Recon's reliance on that issue or defense was unreasonable.

20.     Whether, after the Court's Order of July 5, 2019, (ECF No. 152), CRI has any surviving pending claim of indirect patent infringement against Recon other than claim 12 of the '253 patent.

21.     Whether, under the principles of equity, CRI may recover cumulative damages for trademark infringement and violation of the Lanham Act for the same tourniquet sale.

22.    Relating to CRI's claim for damages under § 1117 and/or under the principles of equity, whether CRI's tourniquet products include features which are not functional and were copied by Recon entitling CRI to damages or injunctive relief due to Recon's use of these features.

23.    Relating to CRI's claim for damages under § 1117 and/or under the principles of equity, whether tourniquet customers associate the use of black on a tourniquet as indicating that the source of that tourniquet is CRI entitling CRI to damages or injunctive relief due to Recon's use of these features.

24.    Whether, under the Court's Order of July 5, 2019, (ECF No. 152), there is an unfair competition claim independent of Recon's use of the COMBAT APPLICATION TOURNIQUET® mark.

25.    Whether either 15 U.S.C. §1114 or 15 U.S.C. §1125(a) restrict copying the features of a product that are recited as claim limitations in a U.S. Patent. *Qualitex Co. v. Jacobson Prods. Co., Inc*., 514 U.S. 159, 164-65 (1995).

26.    For issues or defenses that are factual and assuming that the jury has found that it was unreasonable, whether CRI has proven by clear and convincing evidence that the objectively defined risk was either known to Recon or so obvious that it should have been known to Recon.

27.    Whether and under what circumstances can 15 U.S.C. § 1114 or 15 U.S.C. §1125(a) restrict use of the color black in the Defendant's products. *Inwood Labs., Inc. v. Ives Labs., Inc*., 456 U.S. 844, 851 n.11 (1982)).

28.    Whether the use of the color black on CRI's tourniquets has achieved secondary meaning. *Inwood Labs., Inc. v. Ives Labs., Inc*., 456 U.S. 844, 851 n.11 (1982)).

29.    Whether CRI's tourniquets are not functional such that their physical configuration is protectable under the Lanham Act.  15 U.S.C. § 1125(a)(3); see also *Sears, Roebuck & Co. v. Stiffel Co*., 376 U.S. 225, 231-32 (1964).

30.    Whether CRI has proven entitlement to an injunction prohibiting Recon from using the mark COMBAT APPLICATION TOURNIQUET® on its tourniquets.

31.    Whether CRI has proven entitlement to an injunction prohibiting Recon from making or having made, selling or distributing any tourniquets that are black in color. *Walmart

*Stores, Inc. v Samara Bros., Inc.*, 529 U.S. 205, 211-12 (2000).

32.    Whether, separate from trademark infringement, CRI has proven entitlement to an injunction under the Lanham Act.

33.    If CRI has proven entitlement to an injunction under the Lanham Act, what is the scope of that injunction.

34.    Should the Court be inclined to order injunctive relief pursuant to its Order of July 5, 2019, (ECF No. 152) (finding trademark infringement and a violation of the Lanham Act by Recon), Recon requests that the Court order briefing and a subsequent hearing on the proper scope of such injunctive relief to be afforded CRI.

35.    Whether CRI may be afforded the opportunity to seek lost profits damages under Counts I, II, or III of its Complaint.

36.    Whether Recon's trademark infringement was willful.

**C.    <u>Exhibits and Depositions</u>**

See attached **<u>Exhibit A</u>**.

(a)    The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:

(b)    As to the following additional exhibits, the parties have reached the stipulations stated:

(a)    Set forth stipulations on CRI's exhibits:

(b)    Set forth stipulations on Recon's exhibits:

(c)    As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:

(a)    Set forth CRI's exhibits and objections to them.

See attached **<u>Exhibit A</u>**.

(b)    Set forth Recon's exhibits and objections to them.

See attached **<u>Exhibit A</u>**.

(d)    Electronic evidence:

The Parties intend to publish admitted exhibits using Trial Director, Trial Pad or an

Snell & Wilmer
L.L.P.
LAW OFFICES
1883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1    equivalent application.

2    (e)    Depositions:

3        (1)    CRI will offer the following depositions against all other parties:

4            See attached **Exhibit B.**

5        (2)    Recon will offer the following depositions:

6            See attached **Exhibit B.**

7    (f)    Objections to Depositions:

8        (1)    CRI objects to other parties' depositions as follows:

9            See attached **Exhibit B.**

10        (2)    Recon objects to other parties' depositions as follows:

11            See attached **Exhibit B.**

12            VII.

13    The following witnesses may be called by the parties at trial:

14

15    (a)    CRI's witnesses:

16        1.    Mark Esposito
17            21899 Grandview Avenue
            Golden, CO  80401
18            Telephone: (303) 526-7307

19        2.    Jonathan Bennett
            Available through CRI counsel
20            William Y. Klett, III, Esq.
            BURR & FORMAN, LLP
21            1221 Main Street, Suite 1800
22            Columbia, South Carolina 29201
            Telephone: (803) 799-9800
23

24        3.    Derek G. Thompson
            Available through CRI counsel
25            William Y. Klett, III, Esq.
            BURR & FORMAN, LLP
26            1221 Main Street, Suite 1800
            Columbia, South Carolina 29201
27            Telephone: (803) 799-9800

28

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer

L.L.P.

LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

4. Matt Cupelli
106 Silver Pine Court
Greer, SC  29650

5. Robert M. Miller
North American Rescue, LLC
35 Tedwall Court
Greer, SC  29650

6. Derek Parsons (via video deposition)
Available through Recon's counsel
John M. Bustamante, Esq.
DENKO & BUSTAMANTE, LLP
2905 San Gabriel Street, Ste. 205
Austin, Texas 78205

(b) Recon's witnesses:

1. Derek Parsons
Available through Recon's counsel
John M. Bustamante
DENKO & BUSTAMANTE, LLP
2905 San Gabriel Street, Suite 205
Austin, Texas 78705

2. Jonathan Bennett
Available through CRI counsel
William Y. Klett, III, Esq.
BURR & FORMAN, LLP
1221 Main Street, Suite 1800
Columbia, South Carolina 29201

3. Derek G. Thompson
Available through CRI counsel
William Y. Klett, III, Esq.
BURR & FORMAN, LLP
1221 Main Street, Suite 1800
Columbia, South Carolina 29201

4. Mark Esposito
Available through counsel
Ian L. Saffer, Esq. or Kate Bohmann, Esq.
ADSERO IP
8210 SouthPark Terrace
Littleton, Colorado

5.    Elias L. Gonzalez
      706 Shopton Court
      Fayetteville, North Carolina 28303

6.    Ted Westmoreland
      2131 Woodruff Road, Suite 2100 #210
      Greenville, South Carolina 29607

7.    Amanda Westmoreland
      2131 Woodruff Road, Suite 2100 #210
      Greenville, South Carolina 29607

VIII.

The attorneys or parties have met and offer these trial dates:

Plaintiff CRI believes this matter will be ready for trial next year, and has asked for trial dates beginning in June of 2020.

Defendant Recon requests that this matter be tried starting on any of the following three dates: June 22, 2020; August 3, 2020; or anytime on or after December 7, 2020.

IX.

CRI estimates that the trial will take a total of 8 days.

Recon estimates that the trial will take a total of 10 days.

APPROVED AS TO THE FORM AND CONTENT:

DENKO & BUSTAMANTE LLP                    SNELL & WILMER, L.L.P.

By: /s/ John Bustamante                   By: /s/ V.R. Bohman
J. Scott Denko, Esq.                      Sid Leach, Esq.
John M. Bustamante, Esq.                  V.R. Bohman, Esq.
2905 San Gabriel Street, Ste. 205         3883 Howard Hughes Parkway, Suite 1100
Austin, Texas 78205                       Las Vegas, Nevada 89169

Edmond "Buddy" Miller, Esq.               William Y. Klett, III, Esq.
1610 Montclair Avenue, Suite C            BURR & FORMAN, LLP
Reno, Nevada 89509                        1221 Main Street, Suite 1800
                                          Columbia, South Carolina 29201

Attorneys for Defendant/Counterclaimant
Recon Medical, LLC                        Attorneys for Plaintiff Composite Resources, Inc.

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, Nevada 89169
702.784.5200

X.

ACTION BY THE COURT

This case is set for court/jury on the fixed/stacked calendar on _____.

Calendar call will be held on _____.

This pretrial order has been approved by the parties to this action as evidenced by their signatures or the signatures of their attorneys hereon, and the order is hereby entered and will govern the trial of this case. This order may not be amended except by court and based upon the parties' agreement or to prevent manifest injustice.

DATED: _____

_____

UNITED STATES DISTRICT JUDGE or

UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019, I electronically transmitted the foregoing **JOINT PRETRIAL ORDER** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter; all counsel being registered to receive Electronic Filing.

/s/ *Lyndsey Luxford*
An employee of Snell & Wilmer, L.L.P.