UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMPOSITE RESOURCES INC., | Case No. 2:17-cv-01755-MMD-VCF |
| Plaintiff/Counter Defendant, | ORDER |
| v. | |
| RECON MEDICAL LLC, | |
| Defendant/Counter Claimant. | |

This is a patent, trademark, and unfair competition case about tourniquets used to stop the flow of blood to a body part when that body part is severely injured. This order addresses several motions and issues arising out of the last hearing the Court held in this case. (ECF No. 199 ("Hearing").) The motions this order addresses are Defendant/Counter Claimant Recon Medical LLC's motion for clarification (ECF No. 206) and Recon's motion for a pretrial order (ECF No. 208). As further explained below, the Court will grant the motion for clarification in part, grant the motion for a pretrial order, and address several other issues the parties raised in the simultaneous briefs the Court ordered them to file at the Hearing (ECF Nos. 204, 205).[1] This order is also an attempt to course correct this case, where both sides have recently started raising arguments that should be raised in a properly noticed motion—and not on the single issue the Court directed briefing on—in violation of the Court's orders at the Hearing and more generally not in compliance with the Local Rules.

The Court begins with Recon's motion for clarification (ECF No. 206) as to the finding the Court made at the Hearing on Recon's argument that Plaintiff/Counter

---

[1] This order does not address the pending motions in limine. (ECF Nos. 201, 202.)

Defendant Composite Resources Inc. ("CRI") violated LPR 1-6. The Court grants the motion in part to reiterate that CRI may proceed to trial on its claim that Recon's "Gen 4" tourniquet infringes CRI's asserted patent claims. The motion is otherwise denied, as the Court was quite clear at the Hearing—that while Plaintiff may have technically violated LPR 1-6 by failing to amend its infringement contention to include the "Gen 4" tourniquet, no prejudice has resulted. If Recon seeks additional clarification about the Court's findings on the record at the Hearing, Recon may obtain a transcript of the Hearing. (ECF No. 199.)

The Court next reiterates that, at the Hearing, it directed supplemental briefing on the issue of whether this case should proceed to a bench or jury trial only. (ECF No. 199.) Despite the Court's order, both sides raised issues outside of that scope in their supplemental briefs on the bench or jury trial issue. Specifically, CRI suggests that it should proceed to trial for injunctive relief on its trademark and unfair competition claims in addition to its patent infringement claims. (ECF No. 205 at 2.) For its part, Recon argues the Court should dismiss this case on the eve of trial because CRI is violating the anti-claim-splitting doctrine. (ECF No. 204 at 1-3.) CRI's suggestion and Recon's argument are outside the scope of what the Court ordered them to brief and therefore improper. But the Court will nonetheless briefly address these two issues before turning to the question of whether this will be a jury or bench trial.

As Recon argues in its motion for a pretrial order (ECF No. 208), CRI's request to proceed to trial for injunctive relief on its trademark and unfair competition claims violates the Bankruptcy Court's stay order (*id.* at 3). Moreover, CRI's request does not align with the Court's understanding from the Hearing that CRI is only proceeding to trial for injunctive relief on its patent infringement claims, and as noted, is outside the scope of what the Court ordered CRI to brief at the Hearing. The Court grants Recon's motion for a pretrial order (*id.*) to the extent necessary to make it clear that CRI may proceed to trial for injunctive relief on its patent infringement claims only. CRI may not proceed to trial for

injunctive relief on its trademark and unfair competition claims unless and until the Bankruptcy Court alters or lifts its stay order.

The Court similarly reiterates that Recon's argument that CRI's current approach to this case violates the anti-claim-splitting doctrine is outside the scope of the issue the Court ordered Recon to brief at the Hearing. However, because the issue is potentially case-dispositive, the Court grants Recon leave to file a proper motion subject to the briefing schedule described below if Recon wishes.

Turning to the bench or jury trial issue, CRI argues this case should proceed to a bench trial because the accused infringer has no right to a jury trial if the patentee, like CRI here—having dismissed its monetary damages claims in this case—seeks only equitable relief. (ECF No. 205 at 2-5.) Recon counters that this case should proceed to a jury trial because CRI is still seeking monetary damages, albeit before the Bankruptcy Court. (ECF No. 204 at 4-5.) The Court agrees with Recon.

This dispute presents a close call on an open question of law that the Court will—and should—resolve by siding with Recon. *See Granite Rock Co. v. Int'l Bhd. of Teamsters, Freight, Constr., Gen. Drivers, Warehousemen & Helpers, Loc. 287 (AFL-CIO)*, 649 F.3d 1067, 1069 (9th Cir. 2011) ("In close cases, a court should err on the side of preserving the right to a jury trial.") (affirming the district court's decision to deny a motion to strike a jury demand) (citation omitted). On the one hand, CRI has dismissed its monetary damages claims in this case. (ECF No. 203.) On the other, that dismissal is without prejudice (*id.*), and there is also no dispute that CRI continues to assert monetary damages claims for patent infringement in the proceedings before the Bankruptcy Court (ECF Nos. 204 at 4-5, 205 at 2 n.1).

But for CRI's simultaneous pursuit of monetary damages in the bankruptcy proceedings, *In re Tech. Licensing Corp.*, 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) would sanction CRI's request to proceed to a bench trial. *See id.* ("Thus, if the patentee seeks only equitable relief, the accused infringer has no right to a jury trial, regardless of whether

the accused infringer asserts invalidity as a defense (as in the *Tegal* case) or as a separate claim (as in this case)."). However, there is no dispute that CRI is not only pursuing equitable relief—as noted, CRI is pursuing monetary damages on the same patent infringement claims it asserts here in the bankruptcy proceedings. (ECF Nos. 204 at 4-5, 205 at 2 n.1.) That renders *In re Tech. Licensing Corp.* distinguishable, where the Federal Circuit Court of Appeals did not mention any simultaneous bankruptcy proceedings. *See generally* 423 F.3d 1286. The Court could take a narrow view of *In re Tech. Licensing Corp.* and ignore the proceedings before the Bankruptcy Court, but that would violate the rule mentioned above that, in close cases, the Court should preserve the right to jury trial. Moreover, the Court does not wish to invite mandamus proceedings by declaring that this case will be a bench trial, *see id.* at 1288 ("the right to grant mandamus to require jury trial where it has been improperly denied is settled") (citation omitted), and the Court expected this case to proceed to a jury trial all along in any event, particularly considering that whether patent infringement occurred is normally a fact question for the jury, *see Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). In sum, the Court will hold a jury trial unless Recon decides to file a proper motion to dismiss for violation of the anti-claim-splitting doctrine, and the Court grants it.

It is therefore ordered that Recon's motion for clarification (ECF No. 206) is granted in part as specified herein.

It is further ordered that Recon's motion for a pretrial order (ECF No. 208) is granted as specified herein.

It is further ordered that, if Recon wishes to file a motion to dismiss this case for violation of the anti-claim-splitting doctrine, it must file that motion by October 25, 2021. Any response to that motion is due November 2, 2021. Any reply is due November 4, 2021.

///

///

1   It is further ordered that, if Recon does not timely file a motion to dismiss for violation of the anti-claim-splitting doctrine as specified herein, the Court will deem that argument abandoned.

It is further ordered that, unless the Court later decides to dismiss this case for violation of the anti-claim-splitting doctrine, this case will proceed to a jury trial in Reno, Nevada, on CRI's claim for injunctive relief on its patent infringement claims only.

DATED THIS 22nd Day of October 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE