UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| COMPOSITE RESOURCES INC., | Case No. 2:17-cv-01755-MMD-VCF |
| Plaintiff and Counter Defendant, | ORDER |
| v. | |
| RECON MEDICAL LLC, | |
| Defendant and Counter Claimant. | |

**I.    SUMMARY**

This is now just a patent case about tourniquets used to stop the flow of blood to a body part when that body part is severely injured where Plaintiff and Counter Defendant Composite Resources, Inc. ("CRI") seeks only an injunction preventing Defendant and Counter Claimant Recon Medical LLC from selling its allegedly infringing tourniquets. (ECF No. 210.) Before the Court are CRI and Recon's consolidated motions in limine.[1] (ECF Nos. 201, 202.) As further explained below, the Court will grant in part, and deny in part, both motions.

**II.    LEGAL STANDARD**

A motion in limine is a procedural mechanism to limit testimony or evidence in a particular area in advance of trial. *See U.S. v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009). It is a preliminary motion whose outcome lies entirely within the discretion of the Court. *See Luce v. U.S.*, 469 U.S. 38, 41-42 (1984). To exclude evidence on a motion in limine, the evidence must be "inadmissible on all potential grounds." *See, e.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets

---

[1]Both parties filed responses. (ECF Nos. 212, 214.)

this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT & T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007).

In limine rulings are provisional. Such "rulings are not binding on the trial judge . . . [who] may always change h[er] mind during the course of a trial." *Ohler v. U.S.*, 529 U.S. 753, 758 n.3 (2000). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. "Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.*

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Only relevant evidence is admissible. *See* Fed. R. Evid. 402. Relevant evidence may still be inadmissible "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfairly prejudicial" evidence is that which has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Gonzalez-Flores,* 418 F.3d 1093, 1098 (9th Cir. 2005) (quoting *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997)).

**III.   DISCUSSION**

The Court first addresses CRI's consolidated motions in limine, and then Recon's.

///

///

**A. CRI's Motion (ECF No. 201)**

In its first motion in limine, CRI asks the Court to exclude all evidence and testimony about Ted Westmoreland, including the testimony of him and his wife Amanda. (ECF No. 201 at 3-9.) Ted is the purported unnamed co-inventor on the asserted patents, who Mark Esposito left off the patents even though he allegedly helped Mark develop the tourniquets, and Ted and Amanda sold tourniquets before the patents were filed. Recon wants to use the Westmorelands' testimony to show that the patents were procured through inequitable conduct and/or do not reflect novel inventions. CRI argues all evidence about Ted Westmoreland should be excluded along with Recon's trial exhibits 1-29 because Recon has not provided other corroborating evidence showing that Ted was involved in the invention, or he helped Mark invent an invalidating prior art tourniquet when he says he did. Recon counters that it has proffered sufficient evidence of corroboration and points to some of the specific exhibits CRI challenges in this motion in limine as showing corroboration. (ECF No. 214 at 5-10.)

The Court agrees with Recon. The challenged exhibits are proffered to corroborate the Westmorelands' testimony, so CRI's proffered caselaw to the effect that an inventor cannot testify to an invention date without any corroborating evidence does not apply. In addition, the Westmorelands are on Recon's witness list (ECF No. 215 at 2), so CRI could cross examine them to elicit testimony permitting them similar arguments in closing that it raises in its first motion in limine, which is preferable to barring the Westmorelands' testimony now because evidence is only properly excluded on a motion in limine if it is inadmissible on all possible grounds. Moreover, the Court does not have copies of the exhibits CRI is challenging—because CRI did not provide them—so the Court cannot evaluate CRI's arguments about each individual piece of evidence. This motion is accordingly denied without prejudice.

In its second motion in limine, CRI asks the Court to exclude physical exhibits and evidence of alleged versions of early CAT tourniquets. (ECF No. 201 at 9-12.) Recon

3

counters that, as to the physical exhibits, there is deposition testimony establishing that the exhibits are what Recon claims they are, and there is no requirement that an exhibit must be authenticated pretrial in a deposition to be admissible at trial. (ECF No. 214 at 10-14.) The Court again agrees with Recon. Recon can attempt to admit the physical exhibits at trial. Further, this motion in limine also argues for the exclusion of particular exhibits that the Court does not have because CRI did not submit copies of them along with its motion, so the Court denies this motion in limine without prejudice to the extent CRI seeks exclusion of particular exhibits. And in sum, the Court denies CRI's second motion in limine.

In CRI's third motion in limine, CRI asks the Court to preclude Recon from arguing at trial that the asserted patents are invalid as indefinite because the claim language mixes apparatus and method steps. (ECF No. 201 at 12-13.) Recon counters that it may still argue indefiniteness at trial because the Court denied its prior motion for summary judgment rather than affirmatively granting a motion filed by CRI declaring that the asserted claims are not indefinite. (ECF No. 214 at 14.) While the Court agrees with Recon to a point, the Court will nonetheless grant this motion in limine because the Court explicitly rejected Recon's argument that the asserted patents are invalid as indefinite because the claim language mixes apparatus and method steps in the orders docketed at ECF Nos. 152 at 10-14, and 159 at 2-3. Thus, the Court grants CRI's third motion in limine only to the extent necessary to make clear that Recon may not argue that the asserted patents are invalid as indefinite because the claim language mixes apparatus and method steps at trial.

In CRI's fourth motion in limine, CRI asks the Court to exclude evidence regarding the quality of both CRI's product that allegedly embodies the asserted claims and Recon's allegedly infringing product—for example, seeking to admit evidence that Recon's tourniquet is better-made than CRI's tourniquet—because such evidence is irrelevant to

patent infringement and prejudicial. (ECF No. 201 at 13-14.) And CRI again asks the Court to exclude two exhibits that CRI did not provide copies of along with its motion. (*Id.*)

Recon counters that the superior quality of Recon's products is relevant to the public interest prong of the test governing whether CRI is entitled to a permanent injunction. Said otherwise, Recon argues the public interest may be harmed if it is ordered to stop selling its products, because Recon argues they are better than CRI's products, and CRI may not be able to meet market demand for these potentially lifesaving first aid products if Recon is not allowed to sell its competing products. (ECF No. 214 at 15-16.)

The Court again agrees with Recon. Evidence about the relative quality of the parties' products may be relevant to the public interest prong, and the Court declines to exclude it pretrial. *See Datascope Corp. v. Kontron Inc.*, 786 F.2d 398, 401 (Fed. Cir. 1986) (affirming on abuse of discretion review the district court's decision not to issue a preliminary injunction because the defendant "has also made some showing that the public will be harmed by an injunction in that some physicians prefer defendant's" product). And, as previously noted as to the first few motions in limine, the Court cannot rule on the specific exhibits CRI challenges in this motion because CRI did not provide the Court with copies of them along with its motion. Thus, the Court denies CRI's fourth motion in limine.

In CRI's fifth through 17th motions in limine, CRI also seeks the exclusion of specific exhibits that it did not provide the Court with copies of along with its motion. (ECF No. 201 at 14-19.) The Court denies all of these motions in limine without prejudice to CRI objecting to the admissibility of these exhibits at trial because the Court cannot adequately assess CRI's arguments on them. Moreover, some of these motions in limine are moot because Recon responds it does not intend to offer certain challenged pieces of evidence at trial. This reminds the Court that CRI did not include a declaration stating that it met and conferred with Recon prior to filing its consolidated motions in limine in its consolidated motion as required under LR 16-3(a). The Court ordered CRI to do this in ECF No. 179. The purpose of this requirement is to avoid filing motions on moot issues, like CRI

1  apparently did here. The Court directs CRI to follow the Court's orders, comply with the
2  local rules, and work collaboratively with Recon's counsel to the extent possible going
3  forward, particularly to avoid bringing moot issues to the Court to adjudicate.

4  In CRI's 18th motion in limine, "CRI objects to the introduction of the deposition
5  testimony offered by Recon (unless for impeachment) unless and until Recon
6  demonstrates that the witness is unavailable as required by Fed. R. Civ. Pro. 32(a)(4)[,]"
7  and then offers specific objections and counter-designations to Recon's proposed
8  deposition testimony. (ECF No. 201 at 19.) Recon opposes this motion in limine. (ECF No.
9  214 at 20-21.) The Court denies CRI's 18th motion in limine as moot because the parties
10 subsequently submitted new deposition designations and objections. (ECF Nos. 213, 215,
11 221, 222.) The Court will address those separately.

12 **B.  Recon's Motion (ECF No. 202)**

13 In Recon's first motion in limine, Recon asks the Court to exclude all evidence from
14 Matt Cuppelli regarding infringement of the '807 Patent because he was not disclosed as
15 an expert, though the deadline for expert disclosure has long passed, and, to the extent
16 CRI offers him as a lay witness, his testimony should be excluded under Federal Rules of
17 Evidence 602 and 701 because he has no personal knowledge of Recon's manufacturing
18 methods. (ECF No. 202 at 6-9.) CRI counters that Recon's expert witness argument is
19 beside the point because Mr. Cuppelli is not an expert witness, and the Court should not
20 exclude him as a lay witness because he has inspected Recon's tourniquets (except for
21 Gen 4, which does not materially differ from the versions he did inspect) and therefore has
22 personal knowledge of whether they must have been made using the process described
23 in the '807 patent. CRI further argues that Mr. Cuppelli does not need to have visited
24 Recon's vendor's factory in China under any applicable law, especially considering the
25 Court's statement in the summary judgment order that "a reasonable person could
26 determine how the allegedly infringing tourniquets were assembled from a visual
27 inspection." (ECF No. 212 at 3-6.)

28

The Court agrees with CRI and therefore denies Recon's first motion in limine. Even Recon appears to agree that Mr. Cuppelli can testify to facts perceived from his own senses, and Recon does not offer any caselaw to support its extrapolative argument that Mr. Cuppelli must have gone to China to see how Recon's vendor makes Recon's tourniquets. (ECF No. 202 at 7-8.) Mr. Cuppelli can testify to what he sees based on his inspection of Recon's allegedly infringing tourniquets. Moreover, the Court agrees with CRI that Mr. Cuppelli did not need to separately review Recon's Gen 4 tourniquet because the Court has ruled that CRI may argue at trial that Recon's Gen 4 tourniquet also infringes the asserted claims and Recon's witness testified that Gen 4 only differs from the previous generations in that includes a pen. (ECF No. 198-1 at 4.)

In its second motion in limine, Recon asks the Court to exclude evidence of CRI's contract or contracts with the military. (ECF No. 202 at 9.) CRI counters in pertinent part that this motion in limine is moot because CRI has dropped its damages claim and is now seeking injunctive relief on its patent infringement claim only in this case. (ECF No. 212 at 6.) The Court agrees with CRI and denies Recon's second motion in limine as moot.

Recon's third motion in limine asks the Court to preclude CRI from offering any evidence supporting an infringement theory under the doctrine of equivalents because CRI insufficiently disclosed that theory in its infringement contentions. (ECF No. 202 at 9-10.) CRI responds that it did not need to disclose that it was alleging infringement under the doctrine of equivalents because it is not a separate claim under *Ferring B.V. v. Watson Lab'ys, Inc. - (FL)*, Case No. 3:11-CV-00481-RCJ, 2013 WL 2325111, at *2 (D. Nev. May 28, 2013), or, alternatively, because it did disclose that it was alternatively pursuing a doctrine of equivalents infringement theory in ECF Nos. 132-1 at 21 and 134 at 15. (ECF No. 212 at 7.)

The Court agrees with Recon and therefore grants its third motion in limine. CRI may not argue infringement at trial under the doctrine of equivalents. Under the current version of the Patent Local Rules, made effective after *Ferring B.V.* issued, CRI had to

disclose, "[w]hether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality[.]" LPR 1-6(e). In the documents that the parties proffer, CRI did not do this. (*See* ECF Nos. 76-1 at 20, 132-1 at 21 and 134 at 15.) Moreover, Recon proffers an amended set of infringement contentions that are more recent than the set that CRI proffers where CRI does not state that it is pursuing a doctrine of equivalents theory. (*Compare* ECF No. 132-1 at 21, 23 (proffered by CRI and dated September 11, 2017) *with* ECF No. 76-1 at 20, 22 (proffered by Recon and dated March 7, 2018).) CRI therefore inadequately disclosed that it is pursuing a doctrine of equivalents theory under LPR 1-6(e), and the Court grants Recon's third motion in limine for that reason.

Recon's fourth motion in limine essentially asks the Court to preclude CRI from accusing Recon's Gen 4 tourniquet of infringing at trial. (ECF No. 202 at 10-13.) However, and as CRI points out (ECF No. 212 at 8-9), the Court has already ruled that CRI may accuse Recon's Gen 4 tourniquet of infringement at trial (ECF Nos. 199, 210 at 2). Recon's fourth motion in limine is accordingly denied.

Recon's fifth motion in limine asks that the Court's summary judgment order (ECF No. 152) be excluded from introduction as evidence at trial because it is irrelevant and potentially prejudicial. (ECF No. 202 at 13-14.) CRI counters that the summary judgment order is relevant because the Court granted CRI summary judgment on its trademark and federal unfair competition claims therein, and Recon applies the wrong standard as to Fed. R. Evid. Rule 403, characterizing it as potentially prejudicial instead of more prejudicial than probative. (ECF No. 212 at 9-10.)

The Court agrees with Recon. Indeed, CRI's own argument in response to this motion in limine basically concedes that the summary judgment order is not relevant to the remaining patent claim it will pursue at trial. The fact that the Court already determined CRI prevailed on its trademark and federal unfair competition claims is not relevant to the only remaining claim in this case, seeking an injunction because of alleged patent

infringement. And were the Court to allow CRI to introduce evidence that the Court found in CRI's favor on its trademark and unfair competition claims, the jury may improperly infer that CRI is therefore entitled to prevail on its patent infringement claim. That would be a prejudicial error that would outweigh the nonexistent probative value of the fact that CRI prevailed on claims arising from distinct intellectual property rights at summary judgment. That said, and as previously noted, the parties may not relitigate issues that the Court decided in the summary judgment order. The Court is referring specifically to its finding that Recon may not argue that the asserted patents are invalid as indefinite because the claim language mixes apparatus and method steps at trial. Subject to that caveat, Recon's fifth motion in limine is granted.

Recon's sixth and final motion in limine asks that the Court preclude all evidence and argument on the "planar transition area" limitation of claim 1 and the "elevation transition area" limitation of claim 9 of the '253 Patent because CRI insufficiently disclosed specifically where each of these limitations can be found in Recon's accused products. (ECF No. 202 at 14-17.) CRI counters that it sufficiently disclosed where these two limitations can be found in Recon's accused products. (ECF No. 212 at 10-14 (relying in pertinent part on ECF No. 132-1 at 9-13, 32-33).) The Court agrees with CRI that it sufficiently disclosed where these two limitations can allegedly be found in Recon's accused products. (*See* ECF No. 132-1 at 9-13, 32-33.) The Court accordingly denies Recon's sixth motion in limine.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that CRI's consolidated motions in limine (ECF No. 201) are granted in part, and denied in part, as described herein.

It is further ordered that Recon's consolidated motions in limine (ECF No. 202) are granted in part, and denied in part, as described herein.

DATED THIS 22nd Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE